NO. 23-30078

---

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

ROBERT M. CHAMPAGNE, III; ET AL,
PLAINTIFFS

v.

A & T MARITIME LOGISTICS INCORPORATED, IN PERSONAM; ALEXIS
MARINE, L.L.C., IN PERSONAM,
DEFENDANTS - APPELLANTS

v.

RLI INSURANCE COMPANY,
THIRD-PARTY DEFENDANT – APPELLEE

---

ON APPEAL FROM A JUDGMENT OF
THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF LOUISIANA,
CIVIL ACTION NO. 2:21-CV-476

---

ORIGINAL BRIEF OF APPELLANT, ALEXIS MARINE, L.L.C.,

SUBMITTED BY:

**STAINES, EPPLING & KENNEY**

*/s/ Michael W. Maldonado*
**CRAIG W. BREWER** (#23665)
**JASON R. KENNEY** (#29933)
**COREY P. PARENTON** (#32918)
**JAMES A. CROUCH** (#35729)
**MICHAEL W. MALDONADO** (#39266)
3500 N. Causeway Blvd. Ste. 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Appellee: | Counsel for Appellee: |
|---|---|
| RLI Insurance Company | Alan Ezkovich of Ezkovich & Company, L.L.C., New Orleans, LA |

| Appellants: | Counsel for Appellants: |
|---|---|
| Alexis Marine, L.L.C. | Craig W. Brewer, Corey P. Parenton, and Michael W. Maldonado of Staines, Eppling & Kenney, LLC, Metairie, LA |
| A&T Maritime Logistics, Inc. | Harry Morse of Bohman Morse, LLC, New Orleans, LA |

/s/ Michael W. Maldonado
Attorney of record for
*Defendant-Appellant, Alexis Marine, LLC*

iii

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Alexis Marine, LLC is not requesting oral argument at this time.

# **<u>TABLE OF CONTENTS</u>**

Contents                                                 Page(s)

CERTIFICATE OF INTERESTED PERSONS ..................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iv

TABLE OF AUTHORITIES ................................................................................ vii

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1

STATEMENT OF THE CASE.................................................................................2

  I.   Factual Background....................................................................................2

     *A.*    *Alexis Marine and A&T Had a Bareboat Charter Agreement Requiring Insurance Coverage* ............................................................................2

     *B.*    *A&T Allided with Plaintiffs' Embankment While Operating Alexis Marine's Vessel* ...............................................................................3

     *C.*    *RLI Issued an Insurance Policy to A&T Which Covered Alexis Marine and the M/V UNCLE JOHN for the Allision* ....................................4

  II.   Procedural History.....................................................................................7

     *A.*    *Alexis Marine Settled Plaintiffs' Claims and Maintained its Own Claims Against A&T and RLI* ..........................................................7

**B.** **RLI Filed a Motion for Summary Judgment on Alexis Marine's Claims** 8

**C.** **RLI, A&T, and Alexis Marine Engaged in a Second Round of Motion for Summary Judgment Briefing on the Issue of RLI's Remedy** .................10

SUMMARY OF THE ARGUMENT ........................................................11

ARGUMENT ......................................................................................12

A.    The Standard of Review ..............................................................12

B.    Alexis Marine's Additional Insured Status is Undisputed..........................13

C.    Alexis Marine's Coverage is Unaffected by A&T's Breach of the Policy.14

D.    RLI owes reimbursement of defense costs, including Plaintiffs' settlement amount, to Alexis Marine under the Policy..........................................18

CONCLUSION ....................................................................................19

CERTIFICATE OF SERVICE ................................................................21

CERTIFICATE OF COMPLIANCE.........................................................22

# TABLE OF AUTHORITIES

## Cases

*International Marine, LLC v. Integrity Fisheries, Inc.*,
    No. 16-30456, p. 6 (5th Cir. July 11, 2017) ...........................................9

*Norfolk Shipbuilding & Drydock Corp. v. Seabulk Transmarine P'ship, Ltd.*,
    274 F.3d 249, 253 (5th Cir. 2001) .........................................................11

*Richard v. Dolphin Drilling, Ltd.*,
    832 F.3d 246, 248 (5th Cir. 2016) ...........................................................9

*State v. Underwriters at Lloyd's London,*
    755 P.2d 396, 400 (Alaska 1988) ...........................................................11

*Yount v. Maisano,*
    627 So.2d 148, 151 (La.1993) ................................................................11

## Statutes

28 U.S.C. § 1291 ...........................................................................................2

FED. R. APP. P. 28(a)(5) ...............................................................................2

Louisiana Civil Code Article 2046 ....................................................... 11, 12

## **JURISDICTIONAL STATEMENT**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as Alexis Marine appeals a final judgment of the United States District Court, Eastern District of Louisiana, which dismissed Alexis Marine's third-party claim against RLI Insurance Company.

## **STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

Pursuant to FED. R. APP. P. 28(a)(5), Alexis Marine raises the following issue on its appeal of a final judgment of the Eastern District of Louisiana:

1) Whether A&T Maritime Logistics, Inc.'s breach of the "Prompt Notice of Claim" clause in RLI Insurance Company's Hull and Protection & Indemnity insurance policy voids coverage under the policy for Alexis Marine, an additional insured that did not breach the policy.

## STATEMENT OF THE CASE

This appeal arises out of the final judgment of the Eastern District of Louisiana concerning the interpretation of a standard form Hull and Protection & Indemnity insurance policy.

## I.    Factual Background

### A. Alexis Marine and A&T Had a Bareboat Charter Agreement Requiring Insurance Coverage

In early January 2020, A&T Maritime Logistics, Inc. ("**A&T**") towed barges in the lower Mississippi River in Louisiana and pushed them to Houston pursuant to a job for which it was hired by RMT Transportation. (ROA. 1265, ¶ 3). A&T chartered Alexis Marine's vessel, the M/V UCNLE BLUE, to complete this job. (ROA. 1265, ¶ 4; ROA 1269-1273). Pursuant to the written Bareboat Charter Agreement between A&T and Alexis Marine, A&T was required to maintain satisfactory insurance on the M/V UNCLE BLUE, including Hull, Protection & Indemnity, Tower's Liability, and Collision insurance. (ROA. 1269, ¶¶ 6-7). The Bareboat Charter also required A&T to name Alexis Marine and any mortgagee identified by Alexis Marine as an additional insured on A&T's insurance policies. (ROA. 1269, ¶ 7).

On March 7, 2020, the M/V UNCLE BLUE's engine was damaged while it was being operated by A&T for its job with RMT Transportation. (ROA. 1265, ¶ 7). Alexis Marine agreed to substitute one of its other vessels, the M/V UNCLE JOHN,

for the M/V UNCLE BLUE so that A&T could complete its job. (ROA. 1266, ¶ 8).

A&T and Alexis Marine had previously executed a Bareboat Charter Agreement for

the M/V UNCLE JOHN and agreed that this Bareboat Charter would be in effect

while A&T operated the M/V UNCLE JOHN for its job with RMT Transportation.

(ROA. 1267-1268, ¶¶ 6-8; ROA. 1274-1278). The Bareboat Charter Agreement for

the M/V UNCLE JOHN is identical to the Bareboat Charter Agreement for the M/V

UNCLE BLUE. Under the M/V UNCLE JOHN Bareboat Charter Agreement, A&T

assumed full control of the vessel, its operation, and navigation, acting as owner *pro

hac vice*. (ROA. 1267, ¶ 5).

### B. A&T Allided with Plaintiffs' Embankment While Operating Alexis Marine's Vessel

On March 10, 2020, while operating the M/V UNCLE JOHN pursuant to the

Bareboat Charter Agreement and while completing its job for RMT Transportation,

A&T struck Mildred Dampeer's embankment that fronts on Bayou Black and the

Gulf Intracoastal Waterway in Houma, Louisiana. (ROA. 1266, ¶ 9; ROA. 24, ¶ 7).

Pursuant to the Bareboat Charter Agreement, Alexis Marine had no crew,

employees, or representatives aboard the M/V UNCLE JOHN at any point in time

on March 10, 2020. (ROA. 1268, ¶ 9). The vessel was being operated solely by A&T

and under its exclusive possession, control, and custody. (ROA. 1268, ¶ 10).

The damage caused to Ms. Dampeer's property formed the basis of the

underlying lawsuit filed in the Eastern District of Louisiana. However, Plaintiffs,

Robert Champagne, III and Elizabeth Champagne (collectively "**Plaintiffs**"), bought the property before Ms. Dampeer could resolve the claim. Based on an assignment in the purchase agreement, Plaintiffs filed suit against A&T, Alexis Marine, and the M/V UNCLE JOHN *in rem*. (ROA. 23). Plaintiffs arrested the M/V UNCLE JOHN shortly after suit was filed. (ROA. 35-37).

Though not involved in the subject allision, Alexis Marine was forced to engage in efforts to secure the release of the M/V UNCLE JOHN and participate in this litigation. (ROA. 682). Despite multiple demands pursuant to the defense and indemnity provisions in the Bareboat Charter Agreement, A&T never assisted Alexis Marine in attempting to release its vessel.

### C. RLI Issued an Insurance Policy to A&T Which Covered Alexis Marine and the M/V UNCLE JOHN for the Allision

At all relevant times on March 10, 2020, RLI Insurance Company ("**RLI**") had in full force and effect a Hull and Protection & Indemnity insurance policy – Policy No. HUL0200253 ("**the Policy**"), which was issued to A&T (the named "Assured" in the Policy). (ROA. 1243; ROA. 1567-1605). A&T maintained the Policy pursuant to the Bareboat Charter Agreement with Alexis Marine. The Policy originally listed the M/V UNCLE BLUE as a scheduled assured vessel. (ROA. 1600). However, the Policy also contained an Automatic Attachment clause, which state the following:

> This Policy is extended to cover automatically any additional Vessels acquired by the Assured by purchase or bareboat charter. It is also extended to cover the interest of the Owners of any such Vessel if required by agreement between Assured and Owner.
>
> Unless otherwise agreed, each Vessel covered by this Clause shall be insured for and valued at the purchase price with respect to owned Vessels, the amount agreed upon between the Owner and Assured, or the provable value, whichever is less, with respect to other Vessels.

(ROA. 1589).

A&T acquired the M/V UNCLE JOHN, a vessel owned by Alexis Marine, during the time period of the Policy. As stated above, the Policy agreed not only to cover any additional vessels acquired by A&T but also to extend coverage to the owners of any acquired vessels by A&T when required by contract. (ROA. 1589).

Likewise, the Policy contained a "Privilege to Name Additional Assureds" clause:

> It is hereby understood and agreed that, where required by contract, agreement or otherwise, the Assured is granted privilege to include hereunder other parties as additional Assureds. However, loss, if any shall be payable as provided elsewhere in this Policy.

(ROA. 1589).

As a result of the above provision, the Policy permitted A&T the "privilege" to name additional insured under the Policy.

RLI also agreed to extend its coverage "to insure contractual liability of the Insured arising out of Hold Harmless and/or Indemnity Agreements contained in such contracts as have been or may be entered into by the Insured for furnishing of

insured Vessels' services and naming such parties, their affiliates, and/or subsidiaries and/or interrelated companies as additional Assureds…" (ROA. 1591).

Additionally, the Policy provided that RLI would owe coverage for the following:

> Liability for damage to any dock, pier, harbor, bridge, jetty, buoy, lighthouse, breakwater, structure, beacon, cable, or to any fixed or movable object or property whatsoever, except another vessel or craft, or property on another vessel or craft.

> Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured, the Assurer shall be liable as if such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

(ROA. 1582).

Moreover, the Policy provides coverage for "costs, charges, and expenses, reasonably incurred and paid by the Assured in defense against any liabilities insured against hereunder in respect of the Vessel named herein, subject to the agreed deductibles applicable, and subject further to the conditions and limitations hereinafter provided." (ROA. 1585, ¶ 14). This clause is read together with the "Law Costs" provision, which requires RLI to reimburse defense costs so long as "such costs and charges were reasonably and properly incurred." (ROA. 1586).

Finally, of particular relevance to the issue before this Court, the Policy contained a "Cross Liabilities" clause, which states:

> In the event of one of the Assureds incurring liability to any other of the Assureds, this Policy shall cover the Assured against whom claim is or may be made in the same manner *as if separate policies had been*

***issued to each Assured***. Nothing contained herein shall operate to increase the Underwriters' limit of liability as set forth in the Policy.

(ROA. 1602) (emphasis added).

Immediately upon notice of the seizure of the M/V UNCLE JOHN and the alleged loss sustained by the Plaintiffs, Alexis Marine made demand to RLI, pursuant to its status as an Additional Insured under the Policy and requested coverage under the Policy for the alleged incident. However, RLI denied this demand, which led to Alexis Marine incurring attorneys' fees, expenses, lost charter use, and revenue and profit, especially while the M/V UNCLE JOHN was under arrest. Based on the language of the Policy, especially the Automatic Attachment Clause, RLI owes coverage to Alexis Marine for the amounts incurred in settling Plaintiffs' claims for the March 10, 2020 allision and reimbursement of defense costs in the underlying lawsuit.

## II.    <u>Procedural History</u>

### A. *Alexis Marine Settled Plaintiffs' Claims and Maintained its Own Claims Against A&T and RLI*

After Plaintiffs filed suit, Alexis Marine answered and asserted a cross-claim for breach of contract against A&T and a third-party demand for insurance coverage against RLI. (ROA. 179-193). Specifically, Alexis Marine claimed that A&T was required to defend and indemnify Alexis Marine from Plaintiffs' claim and that it was required to maintain insurance that included Alexis Marine as an additional

insured. (ROA. 186-189). Further, Alexis Marine claimed that RLI owed insurance coverage for the allision pursuant to the Policy issued to A&T. (ROA. 189-192).

Before either of Alexis Marine's claims were adjudicated, Plaintiffs' claims settled on November 18, 2021. (ROA. 1142). While RLI and A&T were involved in the lawsuit at that point, Alexis Marine was the sole party that funded the settlement amount ($200,000.00) to Plaintiffs. (ROA. 1490, ¶¶ III-IV). All other claims among the defendants were unresolved and unaffected by this settlement. (ROA. 1142). Thereafter, Alexis Marine amended its cross-claim against A&T for reimbursement of the settlement amount paid to Plaintiffs and maintained its Third-Party Demand against RLI for insurance coverage for Plaintiffs' claims and to reimburse defense and settlement costs incurred by Alexis Marine. (ROA. 1489).

### B. RLI Filed a Motion for Summary Judgment on Alexis Marine's Claims

On August 30, 2022, RLI filed a Motion for Summary Judgment seeking, among other relief, that Alexis Marine's third-party demand be dismissed. (ROA. 1230). RLI argued that both Alexis Marine and A&T breached several provisions in the Policy that "prejudiced" RLI and thus voided coverage for the March 10, 2020 incident. (ROA. 1258-1263). Alexis Marine and A&T both opposed this Motion. A&T argued that the Policy was never breached, and Alexis Marine argued that it was an additional insured, that the M/V UNCLE JOHN was a covered vessel under

8

the Policy, and that RLI had not shown that it was actually prejudiced so great as to void coverage. (ROA. 1444-1455; ROA. 1458-1467).

In ruling on RLI's Motion, the District Court found that "[a]ccording to the express terms of the Automatic Attachment Clause, coverage for the UNCLE JOHN attached automatically on March 7, 2020." (ROA. 1533). The District Court further ruled that "[t]he clause calls for *automatic* coverage…[and] that the UNCLE JOHN was a covered vessel on the date of the allision." (ROA. 1534) (emphasis supplied). The Court likewise assumed that Alexis Marine was an additional insured under the Policy. (ROA. 1534).

Despite these findings, the District Court ruled that certain provisions of the Policy were breached ***but only by A&T***. The court did not find that Alexis Marine breached a single provision in the Policy.

> The Court finds that A&T Maritime did not provide RLI with prompt notice of the allision as soon as practicable.
>
> As to prejudice, it hardly strains credulity to see that RLI was prejudiced by A&T Maritime's intentional failure to notify RLI about the allision… The Court finds that RLI has established actual prejudice as a direct result of A&T Maritime's breach of the policy's notice requirements.

(ROA. 1536).

Even though Alexis Marine never breached the terms and conditions of the Policy, the District Court partially granted RLI's Motion for Summary Judgment, finding that it was prejudiced, and invited RLI to file a narrower Motion for

Summary Judgment regarding the appropriate remedy as a result of A&T's breach. (ROA. 1537).

### C. RLI, A&T, and Alexis Marine Engaged in a Second Round of Motion for Summary Judgment Briefing on the Issue of RLI's Remedy

In its second Motion for Summary Judgment, RLI unsurprisingly argued that the appropriate remedy is to void coverage to both A&T and Alexis Marine for the March 10, 2020 allision. (ROA. 1538). Importantly, however, the District Court previously ruled that it did not find any Policy language that "expressly or impliedly required such a draconian result." (ROA. 1536). Yet, despite oppositions from Alexis Marine and A&T, the District Court enforced this "draconian result" by granting RLI's second Motion for Summary Judgment and dismissing Alexis Marine's third-party demand against RLI. (ROA. 1666-1667).

One of Alexis Marine's main arguments in opposition to RLI's second Motion for Summary Judgment relied on the Cross Liabilities clause in the Policy, which is quoted above, and that Alexis Marine should be treated as a separate assured under the Policy regardless of A&T's breach. (ROA. 1615). The District Court did not acknowledge this argument in its second Order and Reasons, which dismissed Alexis Marine's third-party demand. (ROA. 1662-1666). The instant appeal arises directly from this ruling that granted RLI's Motion for Summary Judgment and dismissed Alexis Marine's third party demand for insurance coverage.

## SUMMARY OF THE ARGUMENT

Alexis Marine should have never been a party to this lawsuit. It is undisputed that it did not do anything to contribute to the March 10, 2020 allision other than own the vessel involved in the incident. Yet, Alexis Marine was forced to participate in this litigation as a result of its vessel, the M/V UNCLE JOHN, being seized and arrested by Plaintiffs. Alexis Marine funded the entire settlement to Plaintiffs so that its vessel could be released. Alexis Marine then sought to enforce the contractual provisions in its Bareboat Charter Agreement with A&T and in the Policy issued by RLI to recover the costs and expenses incurred in participating in this litigation.

Alexis Marine had a clear Bareboat Charter Agreement with A&T requiring defense and indemnity and that it be named an additional insured on its liability policies. To date, A&T has not reimbursed Alexis Marine a single dollar amount for its defense costs or the settlement to Plaintiffs. Further, RLI's Policy provides coverage for Alexis Marine as an additional insured and for the M/V UNCLE JOHN as a covered vessel. However, RLI has failed to provide coverage pursuant to the terms and conditions of the Policy.

The District Court correctly found that the M/V UNCLE JOHN was a covered vessel under RLI's Policy for the March 10, 2020 allision. However, it erroneously concluded that A&T's breach of the Policy resulted in a dismissal of Alexis Marine's claim for coverage. The District Court ignored the Cross-Liabilities clause in the

Policy and failed to treat Alexis Marine and A&T as separate insureds. Though not explicitly stated, the District Court ruled that A&T's breach meant that RLI has no obligation to provide coverage to any additional assured for the March 10, 2020 allision. This ruling frustrates Fifth Circuit precedent while providing a harsh result for innocent additional insureds, such as vessel owners when their boats are in the possession and control of a charterer.

Accordingly, the District Court's Judgment should be reversed, and RLI's summary judgment, seeking dismissal of Alexis Marine's claims for insurance coverage, should be denied since the facts are undisputed that Alexis Marine did nothing to void coverage and the law is clear that Alexis Marine is a separate insured.

## ARGUMENT

### A. The Standard of Review

This Court reviews the District Court's granting of summary judgment *de novo*, applying the same standards as the District Court would employ to its consideration of the motion for summary judgment. *Richard v. Dolphin Drilling, Ltd.*, 832 F.3d 246, 248 (5th Cir. 2016); *International Marine, LLC v. Integrity Fisheries, Inc.*, No. 16-30456, p. 6 (5th Cir. July 11, 2017). This Court must determine whether judgment should have been rendered as a matter of law. *Id*. The interpretation of a contract of insurance, such as a Hull and Protection & Indemnity policy, is an issue of law that can be properly addressed on summary judgment. *Id*.

Thus, this Court is tasked with determining whether, as a matter of law, the RLI Policy provides coverage to Alexis Marine notwithstanding whether A&T breached the relevant policy based upon the undisputed facts of record.

### B. **Alexis Marine's Additional Insured Status is Undisputed**

The District Court ruled that the M/V UNCLE JOHN is a covered vessel under the Policy pursuant to the "Automatic Attachment Clause." (ROA. 1534). It is also undisputed that Alexis Marine owns the M/V UNCLE JOHN and owned it at all relevant times. (ROA. 1526). While the District Court only assumed without deciding whether Alexis Marine is an additional insured, the Policy undoubtedly provides for Alexis Marine to have coverage as an additional insured. A&T was permitted the privilege to name additional insureds under the Policy, and did so by maintaining the Policy with Alexis Marine's vessel, the M/V UNCLE BLUE, as a scheduled vessel. (ROA. 1589; ROA. 1600).

Moreover, if the Automatic Attachment Clause is applicable, the clause also provides that coverage not only extends to the M/V UNCLE JOHN but also to the owners of any acquired vessels by A&T when required by contract. (ROA. 1589). Likewise, RLI agreed to include as an additional insured any parties that are required by a contract entered into by A&T. (ROA. 1589). Alexis Marine and A&T indisputably entered into a contract with this requirement. The bareboat charter agreements for both the M/V UNCLE BLUE and the M/V UNCLE JOHN require

A&T to name Alexis Marine as an additional insured on its Protection and Indemnity policies, such as the subject Policy. (ROA. 1269, ¶¶ 5-7; ROA. 1274, ¶¶ 5-7). Therefore, Alexis Marine qualifies as an additional insured under the Policy.

Furthermore, RLI is required to reimburse defense costs so long as "such costs and charges were reasonably and properly incurred." (ROA. 1586). Here, Alexis Marine reasonably and properly incurred defense costs necessary to defend the lawsuit brought by Plaintiffs and to release the M/V UNCLE JOHN after Plaintiffs arrested and seized the vessel. In a prior pleading, RLI even admitted that it would owe defense costs in the event that the M/V UNCLE JOHN was a covered vessel, arguing that "if the vessel [the M/V UNCLE JOHN] is not insured or there is no coverage for the claim asserted against the vessel, there is no obligation to provide security for the vessel's arrest." (ROA. 761-762). Now that the District Court has held that the M/V UNCLE JOHN is insured, it follows that RLI's previous argument to deny reimbursement of defense costs, namely security for release of the vessel, fails. The obligation to reimburse defense costs attaches to RLI by virtue of the M/V UNCLE JOHN being a covered vessel and due to Alexis Marine's status as an additional insured.

## C. __Alexis Marine's Coverage is Unaffected by A&T's Breach of the Policy__

The District Court erred in finding that A&T's breach of the Policy voided coverage for Alexis Marine. Notably, Alexis Marine is not alleged to have breached

the Policy nor did the District Court find that Alexis Marine breached the Policy.

Rather, the District Court's first opinion on the issue of coverage contains the

following:

> The Court finds that A&T Maritime did not provide RLI with prompt
> notice of the allision as soon as practicable.
>
> ***
>
> The Court finds that RLI has established actual prejudice as a direct
> result of A&T Maritime's breach of the policy's notice requirements.

(ROA. 1536).

Based on the District Court's opinion, it was only A&T that breached the Policy.

However, Alexis Marine is also an assured under the Policy, and there has been no

showing that RLI was prejudiced by any actions or inactions of Alexis Marine, nor

does RLI try to argue this in its most recent *Motion for Summary Judgment* (Rec.

Doc. 1538). Therefore, regardless of the proper remedy to RLI as a result of A&T's

breach of the Policy, it would be inequitable to enforce that same remedy as to Alexis

Marine's coverage when it has not breached the Policy. Furthermore, it would be

inconsistent with the language of the Policy and the jurisprudence to deny Alexis

Marine coverage based solely on A&T's breach.

The Policy contains a "Cross Liabilities" clause which provides that A&T's

breach of the Policy has no effect on coverage as to Alexis Marine. The pertinent

language of the "Cross Liabilities" clause states as follows:

In the event of one of the Assureds incurring liability to any other of the Assureds, this Policy shall cover the Assured against whom claim is or may be made in the same manner *as if separate policies had been issued to each Assured*. Nothing contained herein shall operate to increase the Underwriters' limit of liability as set forth in the Policy.

((ROA. 1602) (emphasis added).

The Fifth Circuit has adopted the view that a cross-liability clause, such as the one above, requires a court to read an insurance policy "as though a separate policy had been issued to each insured." *Norfolk Shipbuilding & Drydock Corp. v. Seabulk Transmarine P'ship, Ltd.*, 274 F.3d 249, 253 (5th Cir. 2001) (quoting *State v. Underwriters at Lloyd's London,* 755 P.2d 396, 400 (Alaska 1988)). Further, the purpose of the cross-liability clause in an insurance policy is to ensure "that the parties are not prejudiced by their decision to obtain coverage under the same policy." *Id.* In Louisiana, the general rule in interpreting insurance policies is to effect coverage, not deny it. *See Yount v. Maisano,* 627 So.2d 148, 151 (La.1993). Under Louisiana Civil Code Article 2046, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." This law provides that the intent of the parties is found in the actual words of a contract as long as those words are clear and do not lead to absurd results. As a result, this Court need only look to the words of the Policy to determine RLI's intent, and given the language in the "Cross Liabilities" clause of the Policy, RLI's intent is to provide coverage to an additional assured

16

separate and apart from coverage owed to another assured. Accordingly, while coverage may have been voided by A&T, Alexis Marine has a "separate policy" as an additional insured, and there has been no breach of the Policy by Alexis Marine.

In the present case, Alexis Marine has asserted claims against both RLI and A&T arising out of the subject incident. Specifically, Alexis Marine's claim against A&T is that the Bareboat Charter executed for the M/V UNCLE BLUE and the M/V UNCLE JOHN required A&T to name Alexis Marine as an additional insured on any of A&T's insurance policies, which would include the Policy. (ROA. 186).  As discussed above, the District Court already found that the M/V UNCLE JOHN was a covered vessel and that Alexis Marine likely is an additional insured under the Policy. Nonetheless, even if the District Court only assumed that Alexis Marine is an additional insured under the Policy, then the Cross Liabilities clause is applicable and certainly was relevant to the determination as to the appropriate remedy for RLI as a result of A&T's breach.

Alexis Marine has made a claim against A&T, the named assured, which means that the Policy "shall cover the Assured against whom [a] claim is or may be made in the same manner ***as if separate policies had been issued to each Assured***." (Rec. Doc. 141-5, p. 36) (emphasis added). As the Cross Liabilities clause requires that Alexis Marine and A&T be treated as though separate policies were issued to each, A&T's breach of the Policy cannot affect coverage for Alexis Marine.

Therefore, summary judgment dismissing Alexis Marine's claim for coverage from RLI is improper.

**D. RLI owes reimbursement of defense costs, including Plaintiffs' settlement amount, to Alexis Marine under the Policy**

Under Louisiana Civil Code Article 2046, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Art. 2046. This law provides that the intent of the parties is found in the actual words of a contract as long as those words are clear and do not lead to absurd results. As a result, this Court need only look to the words of the Policy to determine RLI's intent.

Here, the words of the Policy are clear and explicit and do not lead to absurd consequences. The Policy extended coverage automatically to "any additional Vessels acquired by the Assured by purchase or bareboat charter." It also extends coverage to "the interest of the Owners of any such Vessel if required by agreement between the Assured and Owner." This Automatic Attachment Clause clearly provides that the M/V UNCLE JOHN would be covered under this Policy and that Alexis Marine, as the vessel owner, is entitled to coverage from RLI under the Policy.

Furthermore, the Policy expressly holds RLI liable for damage caused by a covered vessel to another's property. The Automatic Attachment clause requires RLI

18

to provide coverage and accrued defense costs, including the settlement amount paid to Plaintiffs, to Alexis Marine.

Combining the District Court's findings, the plain language of the Policy, and the equitable considerations with respect to Alexis Marine's position, it is clear that there are genuine issues of material fact at the very least, precluding summary judgment for RLI on Alexis Marine's third party demand. The District Court failed to analyze the Cross Liabilities clause and ignored the fact that Alexis Marine and A&T are separate insureds while finding that the M/V UNCLE JOHN was a covered vessel and that only A&T breached the Policy. Dismissing Alexis Marine's claim for coverage is an incompatible result under these findings of fact and requires this Court to reverse the decision by the District Court to reinstate Alexis Marine's claim against RLI.

## **CONCLUSION**

The District Court improperly concluded that RLI does not owe coverage to Alexis Marine for the March 10, 2020 allision. The District Court found that Alexis Marine's vessel was a covered vessel under the Policy on the date of the incident and presumed that Alexis Marine was an additional insured. Further, a plain reading of the Policy reveals that Alexis Marine was an additional insured. A&T's failure to comply with certain provisions in the Policy should not and do not void coverage

for Alexis Marine. As a result, this Court should reverse the District Court's judgment dismissing Alexis Marine's third party demand against RLI.

Respectfully Submitted,

**STAINES, EPPLING & KENNEY**

*/s/ Michael W. Maldonado*
**CRAIG W. BREWER** (#23665)
**JASON R. KENNEY** (#29933)
**COREY P. PARENTON** (#32918)
**JAMES A. CROUCH** (#35729)
**MICHAEL W. MALDONADO** (#39266)
3500 N. Causeway Blvd. Ste. 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that the foregoing has been served upon this Honorable Court, Mr. Alan Ezkovich, counsel for RLI Insurance Company, and Mr. Harry Morse, counsel for A&T Maritime Logistics, Inc., through the ECF system pursuant to Fifth Circuit Rules 25.2, and 25.2.5.


*/s/ Michael W. Maldonado*
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

This 8th day of May, 2023

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1, it contains 4,793 words.

2.  This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Times New Roman font.

*/s/ Michael W. Maldonado*
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

This 8th day of May, 2023