**Case No. 23-30078**

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Robert M. Champagne, III; et al,

Plaintiffs

v.

A & T Maritime Logistics Incorporated, in personam;
Alexis Marine, L.L.C., in personam

Defendants – Appellants

v.

RLI Insurance Company,

Third Party Defendant – Appellee

---

**On Appeal from**
United States District Court for the Eastern District of Louisiana

2:21-cv-00476

---

**RECORD EXCERPTS OF APPELLANT**
A & T MARITIME LOGISTICS INCORPORATED, in personam

# INDEX

1. Docket Sheet
   (ROA.23-30078.1-21)

2. ORDER AND REASONS: Denying [46] Motion for Summary Judgment for Reimbursement of Defense Costs; [55] Motion for Partial Summary Judgment; [52] Motion for Interlocutory Sale of the M/V Uncle John and [61] Motion for Release of the M/V Uncle John
   (ROA.23-30078.22-33)

3. ORDER AND REASONS: Granting in part and denying in part [126] Motion for Summary Judgment.
   (ROA.23-30078.34-45)

4. ORDER AND REASONS: Granting [141] Motion for Summary Judgment
   (ROA.23-30078.46-50)

5. Notice of Appeal
   (ROA.23-30078.51)

Respectfully submitted,
/S/Harry E. Morse
Bohman Morse, LLC
400 Poydras Street, Suite 2050
New Orleans, Louisiana 70130

Attorney for Appellant,
A & T Maritime Logistics Inc.

## Certificate of Service

I hereby certify that on the 29th day of May, 2023, an electronic copy of the *Record Excerpts* were filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit suing the appellate CM/ECF system, which will serve all counsel.

# Tab 1

APPEAL,CLOSED

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:21-cv-00476-JCZ-JVM

Champagne et al v. Uncle John M/V et al
Assigned to: Judge Jay C. Zainey
Referred to: Magistrate Judge Janis van Meerveld
Case in other court: USCA, 23-30078
Cause: 28:1333 Admiralty

Date Filed: 03/08/2021
Date Terminated: 01/06/2023
Jury Demand: None
Nature of Suit: 340 Marine
Jurisdiction: Federal Question

### Plaintiff

**Robert M. Champagne, III**
*TERMINATED: 01/04/2022*

represented by **Robert S. Stassi**
Carver, Darden, Koretzky, Tessier, Finn,
Blossman & Areaux
Energy Centre
1100 Poydras Street
Suite 3100
New Orleans, LA 70163
(504) 585-3800
Fax: 504-585-3801
Email: stassi@carverdarden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Brien**
McDowell Hetherington LLP
Energy Centre
1001 Fannin Street
Ste 2400
Houston, TX 77002
713-337-5580
Fax: 713-337-8850
Email: andrew.brien@mhllp.com
*ATTORNEY TO BE NOTICED*

**Seth E. Bagwell**
Breazeale, Sachse & Wilson
Energy Centre
301 Main Street, 23rd Floor
Baton Rouge, LA 70801
225-381-8036
Fax: 225-381-8029
Email: seth.bagwell@bswllp.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Elizabeth G. Champagne**
*TERMINATED: 01/04/2022*

represented by **Robert S. Stassi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Brien**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Seth E. Bagwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**Uncle John M/V**
*Official No. 545297, her engines,*
*machinery, tackle, appurtenances,*
*furniture, apparel, etc. in rem*

represented by **Craig Wren Brewer**
Staines & Eppling (Metairie)
3500 N. Causeway Blvd.
Suite 820
Metairie, LA 70002
504-838-0019
Email: cwb@seklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corey Patrick Parenton**
Staines & Eppling (Metairie)
3500 N. Causeway Blvd.
Suite 820
Metairie, LA 70002
504-838-0019
Email: corey@seklaw.com
*ATTORNEY TO BE NOTICED*

**Michael Wayne Maldonado**
Staines, Eppling & Kenney, LLC
3500 N. Causeway Blvd.
Suite 820
Metairie, LA 70002
504-570-6617
Fax: 504-838-0043
Email: michael@seklaw.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**A & T Maritime Logistics Inc.**
*in personam*

represented by **Harry E. Morse**
Bohman Morse LLC
LA
400 Poydras Ste 2050
New Orleans, LA 70130
504-930-4030

Email: harry@bohmanmorse.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martin S. Bohman**
Bohman Morse, LLC
400 Poydras Street
Suite 2050
New Orleans, LA 70130
504-930-4022
Fax: 888-217-2744
Email: martin@bohmanmorse.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alexis Marine, L.L.C.**                    represented by    **Craig Wren Brewer**
*in personam*                                                (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Corey Patrick Parenton**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **James A. Crouch , Jr**
                                                             Staines & Eppling (Metairie)
                                                             3500 N. Causeway Blvd.
                                                             Suite 820
                                                             Metairie, LA 70002
                                                             504-838-0019
                                                             Email: james@seklaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jason R. Kenney**
                                                             Staines & Eppling (Metairie)
                                                             3500 N. Causeway Blvd.
                                                             Suite 820
                                                             Metairie, LA 70002
                                                             504-838-0019
                                                             Email: jason@seklaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Michael Wayne Maldonado**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Alexis Marine, L.L.C.**                    represented by    **Craig Wren Brewer**
*in personam*                                                (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Corey Patrick Parenton**

(See above for address)
*ATTORNEY TO BE NOTICED*

**James A. Crouch , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason R. Kenney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Wayne Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Uncle John M/V**                    represented by    **Craig Wren Brewer**
*Official No. 545297, her engines,*                    (See above for address)
*machinery, tackle, appurtenances,*                    *LEAD ATTORNEY*
*furniture, apparel, etc. in rem*                    *ATTORNEY TO BE NOTICED*

                                                      **Michael Wayne Maldonado**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

**RLI Insurance Company**            represented by    **Alan David Ezkovich**
                                                      Ezkovich & Co.
                                                      650 Poydras St.
                                                      Suite 1220
                                                      New Orleans, LA 70130
                                                      504-593-9899
                                                      Email: alan.ezkovich@ezkovichlaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Dorothy L. Tarver**
                                                      Ezkovich & Co., LLC
                                                      650 Poydras Street
                                                      Ste 1220
                                                      New Orleans, LA 70130
                                                      504-593-9899
                                                      Fax: 504-285-2879
                                                      Email: dorothy.tarver@ezkovichlaw.com
                                                      *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Alexis Marine, L.L.C.**            represented by    **Craig Wren Brewer**
*in personam*                                          (See above for address)
                                                      *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Corey Patrick Parenton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James A. Crouch , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason R. Kenney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Wayne Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Uncle John M/V**                                    represented by   **Craig Wren Brewer**
*Official No. 545297, her engines,*                                  (See above for address)
*machinery, tackle, appurtenances,*                                 *LEAD ATTORNEY*
*furniture, apparel, etc. in rem*                                    *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**A & T Maritime Logistics Inc.**                    represented by   **Harry E. Morse**
*in personam*                                                       (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Martin S. Bohman**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Alexis Marine, L.L.C.**                            represented by   **Craig Wren Brewer**
*in personam*                                                       (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Corey Patrick Parenton**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **James A. Crouch , Jr**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jason R. Kenney**
                                                                    (See above for address)

*ATTORNEY TO BE NOTICED*

**Michael Wayne Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Uncle John M/V**                    represented by   **Craig Wren Brewer**
*Official No. 545297, her engines,*                   (See above for address)
*machinery, tackle, appurtenances,*                   *LEAD ATTORNEY*
*furniture, apparel, etc. in rem*                     *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Elizabeth G. Champagne**            represented by   **Robert S. Stassi**
*r.doc. 44*                                            (See above for address)
*TERMINATED: 06/15/2021*                               *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                      **Andrew J Brien**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Seth E. Bagwell**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Robert M. Champagne, III**          represented by   **Robert S. Stassi**
*r.doc. 44*                                            (See above for address)
*TERMINATED: 06/15/2021*                               *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                      **Andrew J Brien**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Seth E. Bagwell**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**A & T Maritime Logistics Inc.**     represented by   **Harry E. Morse**
*in personam*                                          (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                      **Martin S. Bohman**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**RLI Insurance Company**                      represented by   **Alan David Ezkovich**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dorothy L. Tarver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**RLI Insurance Company**                      represented by   **Alan David Ezkovich**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dorothy L. Tarver**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Alexis Marine, L.L.C.**                      represented by   **Craig Wren Brewer**
*in personam*                                                  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corey Patrick Parenton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James A. Crouch , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason R. Kenney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Wayne Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Uncle John M/V**                             represented by   **Craig Wren Brewer**
*Official No. 545297, her engines,*                            (See above for address)
*machinery, tackle, appurtenances,*                            *LEAD ATTORNEY*
*furniture, apparel, etc. in rem*                              *ATTORNEY TO BE NOTICED*

**Michael Wayne Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**RLI Insurance Company**                    represented by    **Alan David Ezkovich**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dorothy L. Tarver**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**A & T Maritime Logistics Inc.**            represented by    **Harry E. Morse**
*in personam*                                                 (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martin S. Bohman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Alexis Marine, L.L.C.**                    represented by    **Craig Wren Brewer**
*in personam*                                                 (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corey Patrick Parenton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James A. Crouch , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason R. Kenney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Wayne Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

Tayhika J. Manuel

**Third Party Defendant**

Andrea J. Manuel

| Date Filed | # | Docket Text |
|---|---|---|
| 03/08/2021 | 1 | COMPLAINT against All Defendants (Filing fee $ 402 receipt number ALAEDC-8766105) filed by Robert M. Champagne, III, Elizabeth G. Champagne. (Attachments: # 1 Verification to Complaint, # 2 Civil Cover Sheet, # 3 Summons to A & T MARITIME LOGISTICS INC., # 4 Summons to ALEXIS MARINE LLC)Attorney Robert S. Stassi added to party Elizabeth G. Champagne(pty:pla), Attorney Robert S. Stassi added to party Robert M. Champagne, III(pty:pla).(Stassi, Robert) (Attachment 3 replaced on 3/8/2021) (ajn). (Attachment 4 replaced on 3/8/2021) (3cc: USM - Complaint) (ajn). (Entered: 03/08/2021) |
| 03/08/2021 | 2 | EXPARTE/CONSENT MOTION for Issuance of Warrant of Arrest in rem by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Order FOR ISSUANCE OF WARRANT OF ARREST OF VESSEL)(Stassi, Robert) (3cc: USM) (ajn). (Entered: 03/08/2021) |
| 03/08/2021 | 3 | Initial Case Assignment to Judge Jay C. Zainey and Magistrate Judge Janis van Meerveld. (go) (Entered: 03/08/2021) |
| 03/08/2021 | 4 | EXPARTE/CONSENT MOTION to Appoint/Substitute Custodian by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Exhibit A - Declaration, # 2 Proposed Order)(Stassi, Robert) (3cc: USM)(ajn). (Entered: 03/08/2021) |
| 03/08/2021 | 5 | ***FILED IN ERROR-CORRECTED AT R.DOC.6 PER CHAMBERS*** EXPARTE/CONSENT MOTION to Permit Movement of Vessel by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Order to Permit Movement of Vessel)(Stassi, Robert) Modified on 3/8/2021 (ajn). (Entered: 03/08/2021) |
| 03/08/2021 | 6 | EXPARTE/CONSENT MOTION to Permit Movement of Vessel by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Order to Permit Movement of Vessel)(Stassi, Robert) (3cc: USM) (ajn). (Entered: 03/08/2021) |
| 03/08/2021 | 7 | ORDER Granting 2 Motion for Issuance of Warrant in rem. Signed by Judge Eldon E. Fallon on 3/8/2021. (3cc: USM) (ajn) (Entered: 03/08/2021) |
| 03/08/2021 | 8 | ORDER Granting 4 Motion to Appoint/Substitute Custodian. Signed by Judge Eldon E. Fallon on 3/8/2021. (3cc: USM) (ajn) (Entered: 03/08/2021) |
| 03/08/2021 | 9 | ORDER Granting 6 Motion to Permit Movement and Repairs of Vessel. Signed by Judge Eldon E. Fallon on 3/8/2021. (ajn) (3cc: USM)(ajn). (Entered: 03/08/2021) |
| 03/08/2021 | 10 | Summons Issued as to A & T Maritime Logistics Inc., Alexis Marine, L.L.C.. (Attachments: # 1 Summons)(ajn) (Entered: 03/08/2021) |
| 03/08/2021 | 11 | ***VACATED PER ORDER AT R.DOC. 109*** WARRANT of Arrest of Vessel issued. (3cc: USM) (ajn) Modified on 11/26/2021 (ajn). (Entered: 03/08/2021) |
| 03/10/2021 | 12 | SUMMONS Returned Executed; A & T Maritime Logistics Inc. served on 3/9/2021, answer due 3/30/2021. (Attachments: # 1 Exhibit A)(Brien, Andrew) Modified text on 3/11/2021 (ajn). (Main Document 12 replaced on 3/11/2021) (ajn). (Attachment 1 replaced on 3/11/2021) (ajn). (Entered: 03/10/2021) |

| 03/10/2021 | 13 | EXPARTE/CONSENT MOTION To Permit Movement and Repair of Vessel by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Brien, Andrew) Modified text on 3/11/2021 (ajn). (Entered: 03/10/2021) |
| --- | --- | --- |
| 03/10/2021 | 14 | EXPARTE/CONSENT MOTION to Expedite *Consideration of Motion to Permit Movement and Repair of Vessel* by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Order)(Brien, Andrew) Modified text on 3/11/2021 (ajn). (Entered: 03/10/2021) |
| 03/11/2021 | 15 | ORDER Granting 13 Motion to Permit Movement and Repair of Vessel. Signed by Judge Jay C. Zainey on 3/11/2021. (3cc: USM) (ajn) (Entered: 03/11/2021) |
| 03/11/2021 | 16 | ORDER Denied as moot 14 Motion to Expedite. Signed by Judge Jay C. Zainey on 3/11/2021. (ajn) (Entered: 03/11/2021) |
| 03/11/2021 | 17 | Correction of Docket Entry by Clerk re 12 Affidavit of Service. ***Filing attorney selected incorrect event. Correct event is 'Summons Returned Executed. Clerk took corrective action by changing the event. ALSO, the returned Summons must be the main document with the 2nd page completed. Any additional documents should be filed as attachments to the main document.*** (ajn) (Entered: 03/11/2021) |
| 03/11/2021 | 18 | Return of Service of Order to Appoint Substitute Custodian served on Sea Sales, LLC on 3/9/2021.(ajn) (Entered: 03/15/2021) |
| 03/18/2021 | 19 | EXPARTE/CONSENT MOTION For Order Directing Notice of In Rem Action by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Exhibit A - NVDC Abstract, # 2 Exhibit B - Proposed Notice, # 3 Proposed Order Directing Notice of In Rem Action)(Brien, Andrew) (Entered: 03/18/2021) |
| 03/19/2021 | 20 | ORDER Granting 19 Motion For Order Directing Notice of In Rem Action. Signed by Judge Jay C. Zainey on 3/19/2021. (ajn) (Entered: 03/19/2021) |
| 03/23/2021 | 21 | NOTICE by Alexis Marine, L.L.C. *Notice of Interest*. (Brewer, Craig) (Entered: 03/23/2021) |
| 04/01/2021 | 22 | EXPARTE/CONSENT MOTION to Enroll as Additional Counsel of Record *Jason R. Kenney and James A. Crouch, Jr.* by Alexis Marine, L.L.C.. (Attachments: # 1 Proposed Order)(Brewer, Craig) Modified text on 4/2/2021 (ajn). (Entered: 04/01/2021) |
| 04/02/2021 | 23 | ANSWER to 1 Complaint,, by A & T Maritime Logistics Inc..Attorney Harry E. Morse added to party A & T Maritime Logistics Inc(pty:dft).(Morse, Harry) (Entered: 04/02/2021) |
| 04/05/2021 | 24 | NOTICE of Hearing. Scheduling Conference set for 4/26/2021 02:20 PM before case manager by telephone. By Clerk. (jrc) (Entered: 04/05/2021) |
| 04/06/2021 | 25 | ORDER Granting 22 Motion to Enroll as Additional Counsel of Record, Attorney's Jason R. Kenney and James A. Crouch, Jr. for Alexis Marine, L.L.C. Signed by Judge Jay C. Zainey on 4/5/2021. (ajn) (Entered: 04/06/2021) |
| 04/16/2021 | 26 | ANSWER to 1 Complaint,, , THIRD PARTY COMPLAINT against RLI Insurance Company, CROSSCLAIM against A & T Maritime Logistics Inc., COUNTERCLAIM against Elizabeth G. Champagne, Robert M. Champagne, III by Alexis Marine, L.L.C., Uncle John M/V.Attorney Craig Wren Brewer added to party Uncle John M/V(pty:dft). (Brewer, Craig) (Entered: 04/16/2021) |

| 04/19/2021 | 27 | Request of Summons Issued as to RLI Insurance Company filed by Uncle John M/V, Alexis Marine, L.L.C. re 26 Answer to Complaint,, Third Party Complaint,, Crossclaim,, Counterclaim,. (Brewer, Craig) (Entered: 04/19/2021) |
|---|---|---|
| 04/20/2021 | 28 | Summons Issued as to RLI Insurance Company. (ajn) (Entered: 04/20/2021) |
| 04/20/2021 | 29 | NOTICE Scheduling Conference reset for 4/30/2021 10:40 AM before case manager by telephone. By Clerk. (jrc) (Entered: 04/20/2021) |
| 04/30/2021 | 30 | NOTICE scheduling conference cancelled pending joinder of the parties. By Clerk. (jrc) (Entered: 04/30/2021) |
| 05/04/2021 | 31 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 26 Answer to Complaint, Third Party Complaint, Crossclaim, Counterclaim, by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Order)(Brien, Andrew) Modified text on 5/5/2021 (ajn). (Entered: 05/04/2021) |
| 05/05/2021 | 32 | ORDER granting 31 Motion for Extension of Time to Answer. Signed by Judge Jay C. Zainey. (jrc) (Entered: 05/05/2021) |
| 05/14/2021 | 33 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 26 Answer to Complaint,, Third Party Complaint,, Crossclaim,, Counterclaim, by RLI Insurance Company. (Attachments: # 1 Proposed Order)Attorney Alan David Ezkovich added to party RLI Insurance Company(pty:3pd).(Ezkovich, Alan) (Entered: 05/14/2021) |
| 05/17/2021 | 34 | ORDER Granting 33 Motion for Extension of Time to Answer as to RLI Insurance Company. Answer due 6/4/2021. Signed by Judge Jay C. Zainey on 5/17/2021. (ajn) (Entered: 05/17/2021) |
| 05/25/2021 | 35 | MOTION to Dismiss for Failure to State a Claim *in the Counterclaim* by Elizabeth G. Champagne, Robert M. Champagne, III. Motion(s) will be submitted on 6/9/2021. (Attachments: # 1 Notice of Submission, # 2 Memorandum in Support)(Stassi, Robert) (Entered: 05/25/2021) |
| 05/28/2021 | 36 | ANSWER to 26 Answer to Complaint,, Third Party Complaint,, Crossclaim,, Counterclaim, , CROSSCLAIM against RLI Insurance Company by A & T Maritime Logistics Inc..(Morse, Harry) (Entered: 05/28/2021) |
| 06/01/2021 | 37 | RESPONSE/MEMORANDUM in Opposition filed by Alexis Marine, L.L.C., Uncle John M/V re 35 MOTION to Dismiss for Failure to State a Claim *in the Counterclaim* . (Brewer, Craig) (Entered: 06/01/2021) |
| 06/02/2021 | 38 | NOTICE Scheduling Conference set for 7/2/2021 10:00 AM before case manager by telephone. By Clerk.(jrc) (Entered: 06/02/2021) |
| 06/03/2021 | 39 | NOTICE Scheduling Conference reset for 7/9/2021 9:40 AM before case manager by telephone. By Clerk. (jrc) (Entered: 06/03/2021) |
| 06/04/2021 | 40 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum In Support of Motion to Dismiss Counterclaim* by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order)(Brien, Andrew) (Entered: 06/04/2021) |
| 06/08/2021 | 41 | ORDER Granting 40 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 6/7/2021. (ajn) (Entered: 06/08/2021) |
| 06/08/2021 | 42 | REPLY/MEMORANDUM in Support filed by Elizabeth G. Champagne, Robert M. Champagne, III re 35 MOTION to Dismiss for Failure to State a Claim in the |

| | | |
|---|---|---|
| | | Counterclaim. (ajn) (Entered: 06/08/2021) |
| 06/08/2021 | 43 | ANSWER to 26 Third Party Complaint *of Alexis Marine, LLC and Uncle John M/V*, and COUNTERCLAIM against Alexis Marine, L.L.C., Uncle John M/V by RLI Insurance Company.(Ezkovich, Alan) Modified text on 6/9/2021 (bm). (Entered: 06/08/2021) |
| 06/15/2021 | 44 | ORDER AND REASONS: Granting 35 Motion to Dismiss Counterclaim as set forth in document. The counter-claim asserted by Alexis Marine, LLC and the M/V UNCLE JOHN and against Plaintiffs/Counter-Defendants, Robert M. Champagne III and Elizabeth G. Champagne, is DISMISSED. Party Counter-Defendants Elizabeth G. Champagne and Robert M. Champagne, III dismissed. Signed by Judge Jay C. Zainey on 6/15/2021. (ajn) (Entered: 06/15/2021) |
| 06/24/2021 | 45 | ANSWER to 36 Answer to Crossclaim, , COUNTERCLAIM against A & T Maritime Logistics Inc. by RLI Insurance Company.(Ezkovich, Alan) (Entered: 06/24/2021) |
| 06/29/2021 | 46 | MOTION for Partial Summary Judgment *regarding reimbursement of defense costs* by A & T Maritime Logistics Inc.. Motion(s) will be submitted on 7/21/2021. (Attachments: # 1 Memorandum in Support, # 2 Statement of Contested/Uncontested Facts, # 3 Notice of Submission, # 4 Exhibit, # 5 Exhibit)(Morse, Harry) (Entered: 06/29/2021) |
| 07/08/2021 | 47 | ANSWER 43 Counterclaim by Alexis Marine, L.L.C., Uncle John M/V.Attorney Michael Wayne Maldonado added to party Uncle John M/V(pty:3pp).(Maldonado, Michael) Modified text on 7/9/2021 (ajn). (Entered: 07/08/2021) |
| 07/09/2021 | 48 | SCHEDULING ORDER: Final Pretrial Conference set for 4/7/2022 10:30 AM before Judge Jay C. Zainey. Bench Trial set for 4/25/2022 10:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (Attachments: # 1 Pretrial Notice Form)(jrc) (Entered: 07/09/2021) |
| 07/09/2021 | 49 | EXPARTE/CONSENT MOTION to Continue re 46 Motion for Partial Summary Judgment *and Reset Submission date* by RLI Insurance Company. (Attachments: # 1 Proposed Order)(Ezkovich, Alan) Modified on 7/12/2021 to link documents (ajn). (Entered: 07/09/2021) |
| 07/13/2021 | 50 | ORDER granting 49 MOTION to Continue Submission date re: Doc. 46 MOTION for Partial Summary Judgment regarding reimbursement of defense costs. Motion(s) will be submitted on 8/4/2021. Signed by Judge Jay C. Zainey on 7/12/21.(jrc) (Entered: 07/13/2021) |
| 07/14/2021 | 51 | ANSWER to 45 Answer to Crossclaim, Counterclaim by A & T Maritime Logistics Inc..(Morse, Harry) (Entered: 07/14/2021) |
| 07/14/2021 | 52 | MOTION for Order of Sale , Motion for Order of Interlocutory Sale of the M/V Uncle John by Elizabeth G. Champagne, Robert M. Champagne, III. Motion(s) will be submitted on 8/4/2021. (Attachments: # 1 Notice of Submission, # 2 Memorandum in Support, # 3 Exhibit A -Declaration of Champagne, # 4 Exhibit B - Affidavit of Stassi, # 5 Exhibit C)(Stassi, Robert) Modified text on 7/15/2021 to remove referral (ajn). (Entered: 07/14/2021) |
| 07/15/2021 | 53 | Correction of Docket Entry by Clerk re 52 MOTION for Order of Sale, Motion For Order of Interlocutory Sale of the M/V Uncle John. ***Filing attorney incorrectly changed 'N' to 'Y' at the question 'Is this motion to be decided by the Magistrate Judge Y/N?'. This motion will be decided by the District Judge. Clerk took corrective action.*** (ajn) (Entered: 07/15/2021) |

| | | |
|---|---|---|
| 07/20/2021 | 54 | **DEFICIENT** EXPARTE/CONSENT MOTION for Partial Summary Judgment by Alexis Marine, L.L.C.. (Attachments: # 1 Memorandum in Support, # 2 Notice of Submission, # 3 Proposed Order, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Maldonado, Michael) Modified on 7/21/2021 (ajn). (Entered: 07/20/2021) |
| 07/21/2021 | 55 | MOTION for Partial Summary Judgment by Alexis Marine, L.L.C.. Motion(s) will be submitted on 8/4/2021. (Attachments: # 1 Memorandum in Support, # 2 Statement of Contested/Uncontested Facts, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Notice of Submission, # 9 Proposed Order)(Maldonado, Michael) (Entered: 07/21/2021) |
| 07/23/2021 | 56 | Statement of Corporate Disclosure by RLI Insurance Company identifying Corporate Parent RLI Corporation for RLI Insurance Company, RLI Insurance Company, RLI Insurance Company, RLI Insurance Company (Ezkovich, Alan) (Entered: 07/23/2021) |
| 07/23/2021 | 57 | Statement of Corporate Disclosure by A & T Maritime Logistics Inc. (Morse, Harry) (Entered: 07/23/2021) |
| 07/27/2021 | 58 | EXPARTE/CONSENT MOTION for Extension of Time to File Response/Reply as to 46 MOTION for Partial Summary Judgment *regarding reimbursement of defense costs*, 55 MOTION for Partial Summary Judgment by RLI Insurance Company. (Attachments: # 1 Proposed Order)(Ezkovich, Alan) (Entered: 07/27/2021) |
| 07/27/2021 | 59 | RESPONSE/MEMORANDUM in Opposition filed by Alexis Marine, L.L.C. re 52 MOTION for Order of Sale Motion For Order of Interlocutory Sale of the M/V Uncle John . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Maldonado, Michael) (Entered: 07/27/2021) |
| 07/28/2021 | 60 | Correction of Docket Entry by Clerk re 58 MOTION for Extension of Time to File Response/Reply as to 46 MOTION for Partial Summary Judgment *regarding reimbursement of defense costs*, 55 MOTION for Partial Summary Judgment . Document's signature block contains attorney who is not current counsel of record. Either remove the attorney from the signature block from future filings, or move to enroll as additional counsel of record. No further action is necessary. (lw) (Entered: 07/28/2021) |
| 07/29/2021 | 61 | MOTION Release of M/V UNCLE JOHN or Hearing to Determine Value by Alexis Marine, L.L.C. Motion(s) will be submitted on 8/18/2021. (Attachments: # 1 Memorandum in Support, # 2 Notice of Submission, # 3 Proposed Order, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4)(Maldonado, Michael) Modified text/submission on 7/30/2021 (bw). (Entered: 07/29/2021) |
| 07/29/2021 | 62 | Request/Statement of Oral Argument by Alexis Marine, L.L.C. regarding 61 MOTION Release of M/V UNCLE JOHN or hearing to determine value (Maldonado, Michael) (Entered: 07/29/2021) |
| 07/29/2021 | 63 | EXPARTE/CONSENT MOTION consolidate hearings [Rec. Docs. 52, 55, 61] and [Rec. Doc. 61] *Hearing Date: 08-18-2021* by Alexis Marine, L.L.C.. (Attachments: # 1 Proposed Order)(Maldonado, Michael) (Entered: 07/29/2021) |
| 07/29/2021 | 64 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum in Support of Motion for Interlocutory Sale of the M/V UNCLE JOHN* by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order ) (Brien, Andrew) Modified text on 7/30/2021 (bw). (Entered: 07/29/2021) |
| 07/29/2021 | 65 | EXPARTE/CONSENT MOTION to Enroll as Counsel of Record *Dorothy L. Tarver* by RLI Insurance Company. (Attachments: # 1 Proposed Order)(Ezkovich, Alan) Modified |

| | | on 7/30/2021 (bw). (Entered: 07/29/2021) |
|---|---|---|
| 07/29/2021 | 66 | RESPONSE/MEMORANDUM in Opposition filed by RLI Insurance Company re 46 MOTION for Partial Summary Judgment *Regarding Reimbursement of Defense Costs* . (Attachments: # 1 Statement of Contested/Uncontested Facts, # 2 Affidavit Matthew Campen)(Ezkovich, Alan) Modified text on 7/30/2021 (bw). (Entered: 07/29/2021) |
| 07/29/2021 | 67 | RESPONSE/MEMORANDUM in Opposition filed by RLI Insurance Company re 55 MOTION for Partial Summary Judgment . (Attachments: # 1 Statement of Contested/Uncontested Facts, # 2 Affidavit Matthew Campen)(Ezkovich, Alan) (Entered: 07/29/2021) |
| 07/30/2021 | 68 | Correction of Docket Entry by Clerk re 61 MOTION Release of M/V UNCLE JOHN or Hearing to Determine Value . Filing attorney should have selected No at the question 'Is this an Exparte/Consent Motion Y/N?'. Clerk took corrective action to set motion for submission on 8/18/2021 before Judge Jay C. Zainey. No further action is necessary. (bw) (Entered: 07/30/2021) |
| 07/30/2021 | 69 | RESPONSE/MEMORANDUM in Opposition filed by Elizabeth G. Champagne, Robert M. Champagne, III re 63 MOTION consolidate hearings [Rec. Docs. 52, 55, 61] and [Rec. Doc. 61] *Hearing Date: 08-18-2021* . (Brien, Andrew) (Entered: 07/30/2021) |
| 07/30/2021 | 70 | ORDER GRANTING 65 Motion to Enroll as Additional Counsel of Record. It is ordered that Dorothy L. Tarver be enrolled as additional counsel of recordfor RLI Insurance Company. Alan D. Ezkovich will remain as designated trial counsel. Signed by Judge Jay C. Zainey on 7/30/2021. (pp) (Entered: 07/30/2021) |
| 07/30/2021 | 71 | ORDER GRANTING 58 Motion for Extension of Time to File Response/Reply. It is ordered that RLI Insurance Company be, and hereby is, granted through and including 7/29/2021, within which to file its oppositions to the 46 Motion for Summary Judgment Against RLI For Reimbursement of Defense Costs and the 55 Motion for Partial Summary Judgment. This extension shall not change the submission date of those motions. Signed by Judge Jay C. Zainey on 7/30/2021. (pp) (Entered: 07/30/2021) |
| 07/30/2021 | 72 | ORDER granting 64 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 07/30/2021. (ko) (Entered: 07/30/2021) |
| 07/30/2021 | 73 | REPLY to Response to Motion filed by Elizabeth G. Champagne, Robert M. Champagne, III re 52 MOTION for Order of Sale Motion For Order of Interlocutory Sale of the M/V Uncle John. (ko) (Entered: 07/30/2021) |
| 08/02/2021 | 74 | EXPARTE/CONSENT MOTION for Leave to File *Reply Brief in Support of Motion to Consolidate Hearing and Submission Date* by Alexis Marine, L.L.C.. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order)(Maldonado, Michael) Modified text on 8/3/2021 (ajn). (Entered: 08/02/2021) |
| 08/02/2021 | 75 | ORDER denying 63 Motion to Consolidate Hearing and Submission Date. Signed by Judge Jay C. Zainey on 08/02/2021. (ko) (Entered: 08/02/2021) |
| 08/02/2021 | 76 | EXPARTE/CONSENT MOTION for Leave to File *Reply Brief in Support of Motion for Partial Summary Judgment* by Alexis Marine, L.L.C.. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading)(Maldonado, Michael) (Entered: 08/02/2021) |
| 08/03/2021 | 77 | MOTION to Compel by Elizabeth G. Champagne, Robert M. Champagne, III. Motion(s) referred to Janis van Meerveld. Motion(s) will be submitted on 8/18/2021. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Compel, # 2 Exhibit |

| | | |
|---|---|---|
| | | Discovery Requests, # 3 Exhibit July 26, 2021 letter, # 4 Notice of Submission)(Brien, Andrew) (Entered: 08/03/2021) |
| 08/03/2021 | 78 | EXPARTE/CONSENT MOTION for Leave to File *supplemental memo in support of motion for summary judgment* by A & T Maritime Logistics Inc.. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading)(Morse, Harry) (Entered: 08/03/2021) |
| 08/04/2021 | 79 | ORDER Granting 74 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 8/3/2021. (ajn) (Entered: 08/04/2021) |
| 08/04/2021 | 80 | REPLY/MEMORANDUM in Support filed by Alexis Marine, L.L.C. re 63 MOTION to Consolidate Hearing and Submission Date. (ajn) (Entered: 08/04/2021) |
| 08/04/2021 | 81 | ORDER Granting 76 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 8/3/2021. (ajn) (Entered: 08/04/2021) |
| 08/04/2021 | 82 | REPLY/MEMORANDUM in Support filed by Alexis Marine, L.L.C. re 55 MOTION for Partial Summary Judgment . (ajn) (Entered: 08/04/2021) |
| 08/04/2021 | 83 | ORDER Granting 78 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 8/4/2021. (ajn) (Entered: 08/04/2021) |
| 08/04/2021 | 84 | NOTICE regarding oral argument re 61 MOTION Release of M/V UNCLE JOHN or Hearing to Determine Value. By Clerk.(jrc) (Entered: 08/04/2021) |
| 08/05/2021 | 85 | Supplemental Memorandum filed by A & T Maritime Logistics Inc., in Support of 46 MOTION for Partial Summary Judgment Regarding Reimbursement of Defense Costs. (ajn) (Entered: 08/05/2021) |
| 08/10/2021 | 86 | RESPONSE/MEMORANDUM in Opposition filed by All Plaintiffs re 61 MOTION Release of M/V UNCLE JOHN or Hearing to Determine Value . (Attachments: # 1 Exhibit A - Declaration of Daniel J. Duplantis, # 2 Exhibit B - Marine Package Policy) (Brien, Andrew) (Entered: 08/10/2021) |
| 08/12/2021 | 87 | **FILED IN ERROR - SEE CORRECTION AT R.DOC. 88**EXPARTE/CONSENT Joint MOTION to Dismiss *by Plaintiffs and* by Alexis Marine, L.L.C.. (Attachments: # 1 Proposed Order)(Maldonado, Michael) Modified on 8/12/2021 (ajn). (Entered: 08/12/2021) |
| 08/12/2021 | 88 | EXPARTE/CONSENT Joint MOTION to Dismiss *by Plaintiffs and* by Alexis Marine, L.L.C. Motion(s) referred to Janis van Meerveld. (Attachments: # 1 Proposed Order) (Maldonado, Michael) Modified on 8/13/2021 to add referral (ajn). (Entered: 08/12/2021) |
| 08/13/2021 | 89 | ORDER Granting 88 Motion to Dismiss and 77 Motion to Compel is hereby dismissed as moot. Signed by Magistrate Judge Janis van Meerveld on 8/13/2021. (ajn) (Entered: 08/13/2021) |
| 08/17/2021 | 90 | EXPARTE/CONSENT MOTION for Leave to File *Reply Brief in Support of Motion for Release of the M/V UNCLE JOHN..* by Alexis Marine, L.L.C.. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading Reply Brief in Support of Motion for Release...) (Maldonado, Michael) (Entered: 08/17/2021) |
| 08/19/2021 | 91 | ORDER Granting 90 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 8/18/2021. (ajn) (Entered: 08/19/2021) |
| 08/19/2021 | 92 | REPLY/MEMORANDUM in Support filed by Alexis Marine, L.L.C. re 61 MOTION Release of M/V UNCLE JOHN or Hearing to Determine Value . (ajn) (Entered: |

| | | |
|---|---|---|
| | | 08/19/2021) |
| 08/23/2021 | 93 | ORDER AND REASONS: Denying 46 Motion for Summary Judgment for Reimbursement of Defense Costs; 55 Motion for Partial Summary Judgment; 52 Motion for Interlocutory Sale of the M/V Uncle John and 61 Motion for Release of the M/V Uncle John as set forth in document. Signed by Judge Jay C. Zainey on 8/19/2021. (ajn) (Entered: 08/23/2021) |
| 10/13/2021 | 94 | ORDER SCHEDULING SETTLEMENT CONFERENCE: A Settlement Conference in the matter is set for Thursday, 11/18/2021 at 9:00 AM. This conference shall take place VIA VIDEO CONFERENCE before Magistrate Judge Janis van Meerveld. A Zoom for Government link will be circulated to counsel of record via email. Counsel are to share that link with any necessary participating parties. Everyone should join the link about ten minutes ahead of the start time and wait to be admitted by the judge. PLEASE BE PUNCTUAL. The required settlement memoranda, more fully described on Page 2, are due no later than 11:59 PM on Thursday, 11/11/2021. Signed by Magistrate Judge Janis van Meerveld on 10/12/2021.(caa) (Entered: 10/13/2021) |
| 10/25/2021 | 95 | ***FILED IN ERROR - CORRECTED AT DOC.96*** Second MOTION for Order of Sale *Motion for Order of Interlocutory Sale of the M/V UNCLE JOHN* by Elizabeth G. Champagne, Robert M. Champagne, III. Motion(s) will be submitted on 11/10/2021. (Attachments: # 1 Memorandum in Support of Second Motion for Interlocutory Sale, # 2 Exhibit D - Declaration of Leonard Chauvin, # 3 Exhibit E - Affidavit of Robert S. Stassi)(Brien, Andrew) Modified on 10/25/2021 (ajn). (Entered: 10/25/2021) |
| 10/25/2021 | 96 | Second MOTION for Order of Sale *of Interlocutory Sale of the M/V UNCLE JOHN* by Elizabeth G. Champagne, Robert M. Champagne, III. Motion(s) will be submitted on 11/10/2021. (Attachments: # 1 Memorandum in Support, # 2 Exhibit D - Declaration of Leonard Chauvin, # 3 Exhibit E - Affidavit of Robert S. Stassi, # 4 Notice of Submission)(Brien, Andrew) Modified texton 10/26/2021 (ajn). (Attachment 2 replaced on 10/26/2021) (ajn). (Entered: 10/25/2021) |
| 10/26/2021 | 97 | Correction of Docket Entry by Clerk re 96 Second MOTION for Order of Sale Motion for Order of Interlocutory Sale of the M/V UNCLE JOHN. **Some images in Exhibit D were filed sideways. Clerk has corrected image. Please adjust scanner for future filings. No further action necessary.** (ajn) (Entered: 10/26/2021) |
| 11/02/2021 | 98 | RESPONSE/MEMORANDUM in Opposition filed by Alexis Marine, L.L.C. re 96 Second MOTION for Order of Sale *Motion for Order of Interlocutory Sale of the M/V UNCLE JOHN* . (Attachments: # 1 Affidavit Exhibit A, # 2 Exhibit Exhibits A-1 to A-15, # 3 Exhibit Exhibit B)(Maldonado, Michael) (Entered: 11/02/2021) |
| 11/02/2021 | 99 | Request/Statement of Oral Argument re 96 Second MOTION for Order of Sale *Motion for Order of Interlocutory Sale of the M/V UNCLE JOHN Request for Oral Argument* by Alexis Marine, L.L.C. Motion(s) will be submitted on 11/10/2021. (Maldonado, Michael) Modified text on 11/3/2021 (ajn). (Entered: 11/02/2021) |
| 11/03/2021 | 100 | Correction of Docket Entry by Clerk re 99 MOTION for Hearing re 96 Second MOTION for Order of Sale. **Filing attorney selected incorrect event. Correct event is "Request/Statement of Oral Argument". Clerk took corrective action by changing the event.** (ajn) (Entered: 11/03/2021) |
| 11/04/2021 | 101 | RESPONSE/MEMORANDUM in Opposition filed by All Plaintiffs re 99 Request for Oral Argument re 96 Second MOTION for Order of Sale *Motion for Order of Interlocutory Sale of the M/V UNCLE JOHN Request for Oral Argument* . (Stassi, Robert) Modified text on 11/5/2021 (ajn). (Entered: 11/04/2021) |

| | | |
|---|---|---|
| 11/05/2021 | 102 | EXPARTE/CONSENT MOTION for Leave to File *Reply in Further Support of Plaintiffs' Second Motion for Interlocutory Sale of the M/V UNCLE JOHN* by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order)(Brien, Andrew) Modified text on 11/8/2021 (ajn). (Entered: 11/05/2021) |
| 11/05/2021 | 103 | ORDER SETTING ORAL ARGUMENT: IT IS ORDERED that Oral Argument on 96 Second MOTION for Order of Interlocutory Sale is set for Tuesday, 11/30/2021 at 10:30 AM in the Courtroom before Judge Jay C. Zainey. If Plaintiffs intend to seek leave to file a reply memorandum, they must do so by 11/10/2021, after which point no other supplemental memoranda will be allowed. Signed by Judge Jay C. Zainey on 11/4/2021.(ajn) (Entered: 11/05/2021) |
| 11/09/2021 | 104 | ORDER Granting 102 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 11/8/2021. (ajn) (Entered: 11/09/2021) |
| 11/09/2021 | 105 | REPLY/MEMORANDUM in Support filed by Elizabeth G. Champagne, Robert M. Champagne, III re 96 Second MOTION for Interlocutory Sale of the M/V UNCLE JOHN. (ajn) (Entered: 11/09/2021) |
| 11/18/2021 | 106 | ORDER RESETTING ORAL ARGUMENT: IT IS ORDERED that Oral Argument on 96 Second MOTION for Order of Interlocutory Sale is RESET for Tuesday, 12/7/2021 at 10:00 AM in the courtroom before Judge Jay C. Zainey. The objection by the plaintiffs is noted. Signed by Judge Jay C. Zainey on 11/17/2021.(ajn) (Entered: 11/18/2021) |
| 11/18/2021 | 107 | Minute Entry for proceedings held before Magistrate Judge Janis van Meerveld: A Settlement Conference was held on 11/18/2021. Negotiations were successful and resulted in a partial settlement. The settlement of all claims of Plaintiffs, Robert M. Champagne, III and Elizabeth G. Champagne, against all parties were settled. All cross claims among Defendants remain unresolved. The U.S. District Judge's chambers have been notified. (ajn) (Entered: 11/18/2021) |
| 11/24/2021 | 108 | EXPARTE/CONSENT MOTION Vacate the Arrest and to Immediately Release the M/V UNCLE JOHN *by Defendants M/V UNCLE JOHN and Alexis Marine, LLC and* by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Order Granting Joint Motion to Vacate The Arrest and to Immediately Release the M/V UNCLE JOHN)(Brien, Andrew) (Entered: 11/24/2021) |
| 11/26/2021 | 109 | ORDER Granting 108 Motion Vacate the Arrest and to Immediately Release the M/V UNCLE JOHN. Signed by Judge Jay C. Zainey on 11/24/2021. (3cc: USM) (ajn) (Entered: 11/26/2021) |
| 11/29/2021 | 110 | ORDER that the oral argument set for 12/07/2021 is cancelled. The 96 Second *Motion for Order of Interlocutory Sale of the M/V UNCLE JOHN* is dismissed as moot. Signed by Judge Jay C. Zainey on 11/29/2021.(ko) (Entered: 11/29/2021) |
| 12/02/2021 | 111 | EXPARTE/CONSENT MOTION to Dismiss by Elizabeth G. Champagne, Robert M. Champagne, III. (Attachments: # 1 Proposed Order)(Stassi, Robert) (Entered: 12/02/2021) |
| 12/02/2021 | 113 | Return of Service of Order for Release of M/V Uncle John, served on Andrew Brien on 11/24/2021.(ajn) (Entered: 12/03/2021) |
| 12/03/2021 | 112 | EXPARTE/CONSENT MOTION to Withdraw Bohman Morse LLC as Attorney by A & T Maritime Logistics Inc.. (Attachments: # 1 Errata Certificate, # 2 Proposed Order, # 3 Exhibit)(Morse, Harry) (Entered: 12/03/2021) |

| 12/10/2021 | 114 | ORDER Setting Oral Argument: IT IS ORDERED that Oral Argument on 112 MOTION to Withdraw as Counsel is set for Tuesday, 1/4/2022 at 10:30 AM in the Courtroom before Judge Jay C. Zainey. Attendance is mandatory for the movant attorney and the corporate principal, Mr. Tayhika (TJ) Manual. Signed by Judge Jay C. Zainey on 12/8/2021.(ajn) (Entered: 12/10/2021) |
|---|---|---|
| 01/04/2022 | 115 | Minute Order. Oral Argument held before Judge Jay C. Zainey on 1/4/2022: IT IS ORDERED that Motion to Withdraw Bohman Morse LLC as Counsel, Rec. Doc. 112 , is DENIED WITHOUT PREJUDICE for the reasons stated on the record. IT IS FURTHER ORDERED that Motion to Dismiss, Rec. Doc. 111 , is GRANTED for the reasons stated on the record. (Court Reporter Toni Tusa.) (dw) (Entered: 01/04/2022) |
| 03/04/2022 | 116 | Minute Entry for proceedings held before Judge Jay C. Zainey: The Court held a Telephone Conference on 3/4/2022. Deadlines are set in document. IT IS ORDERED that the Bench Trial scheduled for 4/25/2022 is CANCELLED. IT IS FURTHER ORDERED that the Pretrial Conference scheduled for 4/7/2022 is CANCELLED. (ajn) (Entered: 03/07/2022) |
| 03/17/2022 | 117 | MOTION to Compel by Alexis Marine, L.L.C.. Motion(s) referred to Janis van Meerveld. Motion(s) will be submitted on 4/6/2022. (Attachments: # 1 Memorandum in Support, # 2 Notice of Submission, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3) (Maldonado, Michael) (Entered: 03/17/2022) |
| 03/29/2022 | 118 | RESPONSE/MEMORANDUM in Opposition filed by RLI Insurance Company re 117 MOTION to Compel . (Ezkovich, Alan) (Entered: 03/29/2022) |
| 04/04/2022 | 119 | ORDER Denied as Moot 117 Motion to Compel. Signed by Magistrate Judge Janis van Meerveld on 4/4/2022. (ajn) (Entered: 04/04/2022) |
| 06/07/2022 | 120 | EXPARTE/CONSENT MOTION for Extension of Deadlines by A & T Maritime Logistics Inc.. (Attachments: # 1 Proposed Order)(Morse, Harry) (Entered: 06/07/2022) |
| 06/09/2022 | 121 | ORDER Granting 120 Motion for Extension of Deadlines. The submission date for the Cross-Motions for Summary Judgment is extended until 9/14/2022. Signed by Judge Jay C. Zainey on 6/8/2022. (ajn) (Entered: 06/09/2022) |
| 08/18/2022 | 122 | MOTION to Compel by Alexis Marine, L.L.C.. Motion(s) referred to Janis van Meerveld. Motion(s) will be submitted on 9/7/2022. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Certificate of Conference, # 6 Notice of Submission)(Maldonado, Michael) (Entered: 08/18/2022) |
| 08/23/2022 | 123 | **FILED IN ERROR** Notice of Submission by Alexis Marine, L.L.C. Motion(s) will be submitted on 9/14/2022. (Maldonado, Michael) Modified on 8/24/2022 (ajn). (Entered: 08/23/2022) |
| 08/23/2022 | 124 | MOTION for Leave to File *Amend Cross-Claim and Assert Third-Party Demand* by Alexis Marine, L.L.C. Motion(s) will be submitted on 9/14/2022. Motion(s) referred to Janis van Meerveld. (Attachments: # 1 Memorandum in Support, # 2 Proposed Pleading, # 3 Proposed Order, # 4 Notice of Submission)(Maldonado, Michael) Modified text on 8/24/2022 and added referral (ajn). (Entered: 08/23/2022) |
| 08/24/2022 | 125 | Correction of Docket Entry by Clerk re 123 and 124 Motions for Leave to File. **Rec. Doc. 123 was filed as a Motion. The document attached was a Notice of Submission. These are not filed as separate entries, they must be attached to opposed motions. This filing has been marked "FILED IN ERROR". Also, the name of the attorney who electronically filed 124 Motion for Leave to File does not match name of signatory attorney on pleading. The user log-in and password serve as the required signature for |

| | | |
|---|---|---|
| | | purposes of Rule 11 of the FRCP. No further action is necessary.** (ajn) (Entered: 08/24/2022) |
| 08/30/2022 | 126 | MOTION for Summary Judgment by RLI Insurance Company. Motion(s) will be submitted on 9/14/2022. (Attachments: # 1 Statement of Contested/Uncontested Facts, # 2 Memorandum in Support, # 3 Notice of Submission, # 4 Exhibit A - Declaration of T Manuel, # 5 Exhibit B - Affidavit of T Manuel, # 6 Exhibit C - Deposition of T Manuel, # 7 Exhibit C-24 - Deposition of T Manuel, Exh 24, # 8 Exhibit D - Declaration of M Campen, # 9 Exhibit E - RLI Policy, # 10 Exhibit F - Charter of Uncle John, # 11 Exhibit G - Charter of Uncle Blue, # 12 Exhibit H - Email of March 10 2021)(Ezkovich, Alan) (Entered: 08/30/2022) |
| 08/30/2022 | 127 | RESPONSE/MEMORANDUM in Opposition filed by RLI Insurance Company re 122 MOTION to Compel . (Attachments: # 1 Exhibit A - Charter of Uncle John, # 2 Exhibit B - Affidavit of T Manuel, # 3 Exhibit C - Deposition of T Manuel, # 4 Exhibit D - Charter of Uncle Blue, # 5 Exhibit E - RLI Policy)(Ezkovich, Alan) (Entered: 08/30/2022) |
| 09/09/2022 | 128 | RESPONSE/MEMORANDUM in Opposition filed by A & T Maritime Logistics Inc. re 126 MOTION for Summary Judgment . (Attachments: # 1 Statement of Contested/Uncontested Facts)(Morse, Harry) (Entered: 09/09/2022) |
| 09/09/2022 | 129 | RESPONSE/MEMORANDUM in Opposition filed by Alexis Marine, L.L.C. re 126 MOTION for Summary Judgment . (Attachments: # 1 Exhibit, # 2 Statement of Contested/Uncontested Facts)(Maldonado, Michael) (Entered: 09/09/2022) |
| 09/13/2022 | 130 | **DEFICIENT**EXPARTE/CONSENT MOTION for Leave to File *Reply Memoranda* by RLI Insurance Company. (Attachments: # 1 Proposed Order)(Ezkovich, Alan) Modified on 9/14/2022 (ajn). (Entered: 09/13/2022) |
| 09/13/2022 | 131 | ORDER AND REASONS: Because the discovery request at issue is overbroad and seeks irrelevant information, 122 Motion to Compel is DENIED, provided that RLI will supplement its discovery responses as set forth herein. Signed by Magistrate Judge Janis van Meerveld on 9/13/2022. (ajn) (Entered: 09/13/2022) |
| 09/14/2022 | 132 | ORDER granting 124 Motion for Leave to Amend Cross-Claim and Assert a Third Party Demand. Signed by Magistrate Judge Janis van Meerveld on 9/13/2022. (ajn) (Entered: 09/14/2022) |
| 09/15/2022 | 133 | AMENDED CROSS-CLAIM against A&T Maritime and THIRD PARTY DEMAND against Tayhika J. Manuel, Andrea J. Manuel filed by Alexis Marine, L.L.C. (ajn) (Main Document 133 replaced on 9/15/2022) (ajn). (Entered: 09/15/2022) |
| 09/15/2022 | 134 | Request of Summons Issued as to Andrea J. Manuel, Tayhika J. Manuel filed by Alexis Marine, L.L.C. (in personam) re 133 Third Party Complaint. (Brewer, Craig) Modified on 9/16/2022 (ajn). (Entered: 09/15/2022) |
| 09/16/2022 | 135 | Correction of Docket Entry by Clerk re 134 Request for Summons Issued. *Filing attorney prepared one summons with newly named defendants to be served. Each new defendant requires a separate summons. Clerk took corrective action.** (ajn) (Entered: 09/16/2022) |
| 09/16/2022 | 136 | Summons Issued as to Third Party Defendants Andrea J. Manuel, Tayhika J. Manuel. (Attachments: # 1 Summons)(ajn) (Entered: 09/16/2022) |
| 09/16/2022 | 137 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by RLI Insurance Company. (Attachments: # 1 Proposed Pleading Reply Memorandum to R. |

| | | Docs. 128 & 129, # 2 Proposed Order)(Ezkovich, Alan) (Entered: 09/16/2022) |
|---|---|---|
| 09/20/2022 | 138 | ORDER granting 137 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 9/19/22. (mmm) (Entered: 09/20/2022) |
| 09/20/2022 | 139 | REPLY to Response to Motion filed by RLI Insurance Company re 126 MOTION for Summary Judgment . (mmm) (Entered: 09/20/2022) |
| 10/11/2022 | 140 | ORDER AND REASONS granting in part and denying in part 126 Motion for Summary Judgment. RLI (or the other parties) may file a new narrower motion for summary judgment on the issue (incorporation of prior briefing by reference will not be allowed) but any such motion(s) must be filed by October 31, 2022. Signed by Judge Jay C. Zainey on 10/11/22. (mmm) (Entered: 10/11/2022) |
| 10/31/2022 | 141 | MOTION for Summary Judgment *Regarding Remedy* by RLI Insurance Company. Motion(s) will be submitted on 11/23/2022. (Attachments: # 1 Notice of Submission, # 2 Statement of Contested/Uncontested Facts, # 3 Memorandum in Support, # 4 Exhibit 1, Order & Reasons of 10/11/22 [R.Doc.140], # 5 Exhibit 2, RLI Policy, # 6 Exhibit 3, Excerpt of deposition of TJ Manuel)(Ezkovich, Alan) (Entered: 10/31/2022) |
| 11/15/2022 | 142 | RESPONSE/MEMORANDUM in Opposition filed by Alexis Marine, L.L.C. re 141 MOTION for Summary Judgment *Regarding Remedy Rec. Doc. 141*. (Attachments: # 1 Exhibit Affidavit of Mildred Dampeer, # 2 Statement of Contested/Uncontested Facts) (Maldonado, Michael) (Entered: 11/15/2022) |
| 11/16/2022 | 143 | RESPONSE/MEMORANDUM in Opposition filed by A & T Maritime Logistics Inc. re 141 MOTION for Summary Judgment *Regarding Remedy* . (Attachments: # 1 Statement of Contested/Uncontested Facts, # 2 Exhibit)(Morse, Harry) (Entered: 11/16/2022) |
| 11/22/2022 | 144 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum and for Leave to File Reply In Excess of 10 Pages* by RLI Insurance Company. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading Reply Memorandum)(Ezkovich, Alan) (Entered: 11/22/2022) |
| 11/23/2022 | 145 | ORDER granting 144 Motion for Leave to File Reply. Signed by Judge Jay C. Zainey on 11/23/2022. (mmm) (Entered: 11/23/2022) |
| 11/23/2022 | 146 | REPLY to Response to Motion filed by RLI Insurance Company re 141 MOTION for Summary Judgment *Regarding Remedy*. (mmm) (Entered: 11/23/2022) |
| 01/04/2023 | 147 | ORDER AND REASONS granting 141 Motion for Summary Judgment as set forth in document. Signed by Judge Jay C. Zainey on 1/4/2023. (mmm) (Entered: 01/04/2023) |
| 01/06/2023 | 148 | JUDGMENT entered in favor of RLI Insurance Company against A & T Maritime Logistics Inc., Alexis Marine, L.L.C., Uncle John M/V, Andrea J. Manuel, Tayhika J. Manuel with prejudice. Signed by Judge Jay C. Zainey on 1/6/2023.(mmm) (Entered: 01/06/2023) |
| 02/02/2023 | 149 | NOTICE OF APPEAL by A & T Maritime Logistics Inc. as to 148 Judgment. (Filing fee $ 505, receipt number CLAEDC-9779653.) (Morse, Harry) (Entered: 02/02/2023) |
| 02/02/2023 | 150 | **DEFICIENT** APPEAL TRANSCRIPT REQUEST by A & T Maritime Logistics Inc. re 149 Notice of Appeal. (No hearings) (Morse, Harry) Modified on 2/3/2023 (js). (Entered: 02/02/2023) |
| 02/02/2023 | 151 | NOTICE OF APPEAL by Alexis Marine, L.L.C. as to 148 Judgment. (Credit Card not accepted or unavailable - payment of filing fee due within 2 business days) |

| | | |
|---|---|---|
| | | (Maldonado, Michael) (Entered: 02/02/2023) |
| 02/02/2023 | 152 | **DEFICIENT** APPEAL TRANSCRIPT REQUEST by Alexis Marine, L.L.C. re 151 Notice of Appeal. (No hearings) (Maldonado, Michael) Modified on 2/3/2023 (js). (Entered: 02/02/2023) |
| 02/03/2023 | 153 | APPEAL TRANSCRIPT REQUEST by A & T Maritime Logistics Inc. re 149 Notice of Appeal. (No hearings) (Morse, Harry) (Entered: 02/03/2023) |
| 02/03/2023 | 154 | APPEAL TRANSCRIPT REQUEST by Alexis Marine, L.L.C. re 151 Notice of Appeal. (No hearings) (Maldonado, Michael) (Entered: 02/03/2023) |
| 02/03/2023 | 155 | USCA Appeal Fee paid as to Alexis Marine, L.L.C. (Filing fee $ 505 receipt number ALAEDC-9782559) re 151 Notice of Appeal filed by Alexis Marine, L.L.C. (Maldonado, Michael) (Entered: 02/03/2023) |
| 02/10/2023 | 156 | USCA Case Number 23-30078 appealed to USCA, Fifth Circuit for 149 Notice of Appeal filed by A & T Maritime Logistics Inc. (jls) (Entered: 02/10/2023) |
| 03/13/2023 | 157 | Electronic Record on Appeal Access Granted to attorneys on record re 149 Notice of Appeal, 151 Notice of Appeal. USCA Case Number 23-30078. Instructions for access are posted on http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.pdf (as) (Entered: 03/13/2023) |
| 05/17/2023 | 158 | Electronic Record on Appeal Access Granted to David Boies Sharpe and Seth Andrew Schmeeckle re 149 Notice of Appeal, 151 Notice of Appeal. USCA Case Number 23-30078. Instructions for access are posted on http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.pdf (as) (Entered: 05/17/2023) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/30/2023 09:35:22 | | |
| PACER Login: | acfowlkes | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:21-cv-00476-JCZ-JVM |
| Billable Pages: | 20 | Cost: | 2.00 |

# Tab 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT M. CHAMPAGNE III, ET AL. | * | CIVIL ACTION NO. 21-476 |
| | * | |
| VERSUS | * | SECTION: "A"(1) |
| | * | |
| M/V UNCLE JOHN, ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| | * | |

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## ORDER AND REASONS

The following motions are before the Court: **Motion for Summary Judgment for Reimbursement of Defense Costs (Rec. Doc. 46)** filed by A&T Maritime Logistics, LLC; **Motion for Partial Summary Judgment (Rec. Doc. 55)** filed by Alexis Marine, LLC; **Motion for Interlocutory Sale of the M/V UNCLE JOHN (Rec. Doc. 52)** filed by the plaintiffs, Robert M. Champagne III and Elizabeth G. Champagne; **Motion for Release of the M/V UNCLE JOHN (Rec. Doc. 61)** filed by Alexis Marine, LLC.

All motions are opposed.

The motions, submitted for consideration on August 4 and August 18, 2021, are before the Court on the briefs without oral argument.

### I.

The main demand in this case is a maritime allision action for damages. The plaintiffs, Robert M. Champagne III and Elizabeth G. Champagne, own waterfront property in Houma, Louisiana. Plaintiffs allege that on March 10, 2020, the M/V UNCLE JOHN lost control and ran aground causing extensive damage to the erosion protection concrete bank cover located on their property. On March 8, 2021, Plaintiffs filed suit in this Court against Alexis Marine, LLC *in personam* as owner of the UNCLE JOHN,

1

against A&T Maritime Logistics, LLC as the vessel's operator, and against the UNCLE JOHN *in rem*. The United States Marshal for this district arrested the vessel pursuant to a warrant issued by this Court, (Rec. Doc. 11, Warrant), Sea Sales, LLC was appointed substitute custodian, (Rec. Doc. 8, Order), and the Court granted an order to permit the vessel to move within the district (Rec. Doc. 15, Order). Unfortunately, the towing contractor hired by Sea Sales, LLC, acting in contravention to the instructions provided, towed the vessel to an unauthorized location and in doing so caused damage to the UNCLE JOHN's propulsion system. It is undisputed that when this occurred the vessel was in the custody of Sea Sales, LLC and that Plaintiffs were not involved in and had no contemporaneous knowledge of the towing detour that damaged the UNCLE JOHN. It is the Court's understanding that Sea Sales, LLC accepted responsibility for the damage to the UNCLE JOHN and paid for the necessary repairs.

To date, the UNCLE JOHN continues to remain under arrest and while Alexis Marine complains of financial hardship as a result of being deprived of its vessel, it has made no attempt to post a bond in order to secure the vessel's release. In fact, Plaintiffs advise that they have learned that Alexis Marine had no insurance to cover the damage that the UNCLE JOHN caused to their property, and that it has become apparent that Alexis Marine lacks the financial ability to obtain a bond in order to regain its vessel. Plaintiffs posit that their sole means of recourse for their property damage will be to have the vessel sold at auction.

In response to Plaintiffs' claim, Alexis Marine counter-claimed contending that there *could be* additional damage to the UNCLE JOHN caused by Sea Sales, and that the repairs *may possibly* have not been done properly, (Rec. Doc. 26, Counter-Claim ¶¶

ROA.23-30078.23

VII-VIII), and that if there are any such problems then Plaintiffs are responsible. On June 15, 2021, the Court granted Plaintiffs' motion to dismiss Alexis Marine's counterclaim after concluding that the facts alleged supported no legally-cognizable claim for relief. (Rec. Doc. 44, Order and Reasons). In dismissing the counterclaim the Court rejected Alexis Marine's unfounded contention that it was unnecessary for Plaintiffs to have the vessel arrested—the claim against the UNCLE JOHN is an in rem claim, Alexis Marine appeared to have failed to maintain insurance of its own for damage caused by its vessel, and apparently failed to verify that the charterer on the day of the incident, A&T Maritime, carried the insurance required under that agreement. (*Id*. at 3).

A nonjury trial is scheduled for April 25, 2022. (Rec. Doc. 48, Scheduling Order).

**II.**

The Court begins with the Motion for Summary Judgment for Reimbursement of Defense Costs (Rec. Doc. 46) filed by A&T Maritime, and the related Motion for Partial Summary Judgment (Rec. Doc. 55) filed by Alexis Marine.

Both motions target a marine insurance policy (hull and indemnity) that RLI Insurance Co. issued to A&T Maritime; the policy was in effect at the time of the casualty. That policy covers damage to any dock, pier, breakwater, structure, etc.—coverage that would likely apply to the property damage in this case—"in respect of the Vessel called the ___See Vessel Schedule___." (Rec. Doc. 46-4 at 17 & ¶ 6). The only vessel listed on the Vessel Schedule is the UNCLE BLUE, which was not the vessel involved in the allision at issue. (Rec. Doc. 46-4 at 36).

3

A principal of A&T Maritime has submitted a declaration to explain this problematic situation with the Vessel Schedule. He explained that his company had a bareboat charter with Alexis Marine for the UNCLE BLUE for use on a job. (Rec. Doc. 46-5, Manuel declaration). A&T Maritime obtained the RLI policy to provide coverage while using the UNCLE BLUE and hence it is the vessel named for coverage on the Vessel Schedule. But on March 7, 2020, the UNCLE BLUE became inoperable. Alexis Marine and A&T Maritime agreed to substitute the UNCLE JOHN for A&T Maritime's use while the UNCLE BLUE was being repaired. (*Id.* ¶ 8). It was a mere three days later when the UNCLE JOHN and its tow allided with the embankment causing the damage at issue.

RLI's policy contained an Automatic Attachment Clause (Rec. Doc. 46-4 at 25), that A&T Maritime contends extended coverage to the UNCLE JOHN for the damage at issue. That clause contains a reporting requirement but it is undisputed that A&T Maritime did not provide notice to RLI of the vessel swap. (*Id.* ¶ 10). In fact, it is the Court's understanding that RLI did not learn of the vessel swap or of the allision itself until this lawsuit was filed, which was nearly a year after the casualty occurred.

A&T Maritime points out, however, that the UNCLE BLUE and UNCLE JOHN are very similar vessels, that they were being used for the same job, and that at no time were both vessels being used at the same time. (Rec. Doc. 46-5, Manuel declaration ¶¶ 11-13). So from A&T Maritime's perspective, RLI's refusal to cover the plaintiffs' claim is based on a technicality that is without significance, *i.e.*, "BLUE" being printed on the Vessel Schedule instead of "JOHN," having no connection with the risk insured against.

4

But A&T Maritime is not seeking a ruling on coverage via its motion for summary judgment, given that RLI has asserted numerous coverage defenses some of which A&T Maritime will argue should be waived. In other words, many issues factor into whether RLI must ultimately indemnify A&T Maritime (and Alexis Marine as an additional insured). Instead, to keep things simple at this juncture, A&T Maritime seeks a ruling that it is entitled to be reimbursed for its defense costs, which total $3,324.80 to date, and it appears that A&T Maritime wants to reimbursed on an ongoing basis while this litigation is pending. A&T Maritime assures the Court that this relief can be provided based on an "eight corners" analysis without actually delving into the thorny issue of whether the policy provides coverage for the damages claimed.

In opposition, RLI argues that A&T Maritime's ability to obtain reimbursement for its defense costs depends completely on a favorable coverage determination (in favor of the insured not the insurer) because its policy is a typical P&I marine policy, insofar as it provides indemnity only with no concomitant duty to defend. RLI argues that the "eight corners" rule, which requires an insurer to look to the four corners of the petition and the four corners of the policy to determine whether it has a duty to defend, *see Vaughn v. Franklin*, 785 So. 2d 79, 84 (La. App. 1st Cir. 2001), is inapplicable to an indemnity only policy that does not include a duty to defend. RLI argues that with an indemnity only policy, the reimbursement of defense costs to the insured is simply one more aspect of the indemnification that the policy provides for covered losses. And when claims are not covered and therefore no indemnity is owed to the insured, the insured's defense costs are not reimbursed.

5

ROA.23-30078.26

In *Gabarick v. Laurin Maritime (America), Inc.*, 650 F.3d 545, 552-53 (5th Cir. 2011), the Fifth Circuit explained that P&I policies do not ordinarily create a duty to defend because they are indemnity policies not liability policies. With only a duty to pay covered claims and no duty to defend, "reimbursement of defense costs *must be footed on the indemnification*" provided by the policy. *Id.* at 553 (emphasis added).

The Court is persuaded that RLI has the better argument insofar as reimbursement of defense costs is concerned. None of the decisions that A&T Maritime cites in its memorandum in support pertain to the issue of whether the eight corners rule applies to an indemnity only policy. With a liability policy an insurer may very well have the duty to defend a claim that presents a questionable case for coverage—the eight corners analysis comes in because the insurer's duty to defend is broader than it duty to indemnify. *See Arceneaux v. Amstar Corp.*, 200 So. 3d 277, 281 (La. 2016) (citing *Elliott v. Continental Cas. Co.*, 949 So. 2d 1247, 1250 (La. 2007)). But again, RLI's policy does not include a duty to defend (A&T Maritime does not dispute this) so the eight corners rule does not apply; the entitlement to reimbursement of defense costs merges with the entitlement to indemnity, all subject to the same policy limit (absent policy language to the contrary). A&T Maritime points to no language in the policy that would suggest that the insurer reimburses defense costs for a claim absent an obligation for indemnity with respect to that claim. The cases that A&T Maritime cites, and much of its argument in its memorandum in support, all go to the issue of coverage notwithstanding A&T Maritime's contention that the Court need not make that determination in order to award defense costs. Because A&T Maritime's motion for summary judgment is based on erroneous legal premises, *i.e.*, that the eight corners rule applies, and that RLI's

ROA.23-30078.27

obligation to cover the claim at issue is separate from its duty to reimburse the insured

for defense costs incurred, it must be DENIED. The Court expresses no opinion on

whether the policy's Automatic Attachment Clause was triggered or whether RLI waived

any of its coverage defenses because those determinations are unnecessary to the

Court's ruling.[1]

    Alexis Marine's motion for partial summary judgment, which was a tag a long

motion to A&T Maritime's motion, is likewise DENIED.[2]

**III.**

    The next two motions, the Motion for Interlocutory Sale of the M/V UNCLE JOHN

(Rec. Doc. 52) filed by the plaintiffs, and the Motion for Release of the M/V UNCLE

JOHN (Rec. Doc. 61) filed by Alexis Marine, pertain to the fate of the UNCLE JOHN

while this litigation is pending.

    The plaintiffs move the Court to order that the vessel be sold at an interlocutory

auction pursuant to Rule E(9)(a)(i)(B) or (C) of the Supplemental Rules for Admiralty or

Maritime Claims. Part (B) permits for an interlocutory sale when the expense of keeping

the property is excessive or disproportionate. Part (C) permits an interlocutory sale

when there has been an unreasonable delay in securing release of the property. The

---

[1] If the issue of coverage is ripe based on the status of discovery, then either RLI or A&T Maritime or both can move for summary judgment on that issue. Importantly, no part of this case will be tried to a jury. The Court will sit as the finder of fact on all claims, and therefore will be tasked with resolving any factual disputes. In bench trial cases the district judge has greater discretion to grant summary judgment. *Jones v. United States*, 936 F.3d 318, 323 (5th Cir. 2019). The district judge may "decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010)). Unless witness credibility will be a part of determining coverage, and the Court cannot imagine why that would the case, coverage most likely can be determined via motion.

[2] The Court notes that in addition to seeking reimbursement for defense costs Alexis Marine wants RLI to post security in order to have the UNCLE JOHN released.

7

ROA.23-30078.28

foregoing rules permitting an interlocutory sale based on these two factors are worded in the disjunctive so either circumstance will suffice. Plaintiffs advise that they are incurring about $3,700 per month to keep the UNCLE JOHN under arrest and that to date their costs incurred total over $40,000. With trial scheduled for next spring their costs are on course to exceed $75,000. Plaintiffs posit that the value of the vessel is likely somewhere between $361,000 - $400,000 but the costs to repair their damaged embankment will be in excess of $400,000, which means that the cost to keep the UNCLE JOHN docked and in custody pending trial are excessive and disproportionate.

Meanwhile, the plaintiffs also point out that the UNCLE JOHN was arrested on March 9, 2021, which was over five months ago, yet Alexis Marine has failed to secure the release of the vessel. The plaintiffs argue that the delay is already unreasonable, and will continue to become even more so as time passes. And given that Alexis Marine seems to lack the financial ability to secure the vessel's release, coupled with the fact that RLI is disputing coverage for the plaintiffs' damages claim, there is no reason to believe that things will change any time soon.

Alexis Marine not only opposes having the vessel sold, it moves the Court to either release the vessel or hold a hearing to determine the value of the vessel for purposes of posting security. Alexis Marine believes that the vessel is more likely worth $250,000 to $300,000.[3] Alexis Marine seeks court intervention in order to help it regain possession of its vessel.

---

[3] The affidavit opinion submitted by surveyor Kyle Smith is wholly inadequate to establish the value of the vessel. (Rec. Doc. 61-7). The survey and appraisal submitted by Plaintiffs was far more appropriate. (Rec. Doc. 52-3).

ROA.23-30078.29

As the Court appreciates the case, there no dispute as to whether the UNCLE
JOHN allided with Plaintiffs' property and caused some damage. Alexis Marine's
contention that the vessel should be released because it was unnecessary for Plaintiffs
to arrest the UNCLE JOHN—a contention that the Court has attempted to disabuse
Alexis Marine of once before—demonstrates that Alexis Marine is laboring under a
fundamental misunderstanding of the nature of in rem proceedings against a tortious
vessel and how they differ from in personam proceedings against the vessel's owner.
Plaintiffs did not arrest the UNCLE JOHN in order to secure an appearance by Alexis
Marine, and they did not arrest the UNCLE JOHN in disregard of the fact that A&T
Maritime was operating the vessel when the damage occurred. The plaintiffs arrested
the UNCLE JOHN because the vessel allided with their property and damaged it; this
maritime tort gave rise to a maritime lien against the offending vessel in their favor.

Under Rule C of the Supplemental Rules for Admiralty or Maritime Claims, a
vessel may be arrested to enforce a maritime lien in an in rem proceeding. The in rem
claim against the vessel is a separate claim from the in personam claim against the
vessel's owner and under the admiralty law of the United States in personam and in rem
actions may arise from the same claim. *Belcher Co. v. M/V Maratha Mariner*, 724 F.2d
1161, 1163 (5th Cir. 1984). A maritime lien is a security device for a debt or claim that
arises by operation of law and it grants the creditor the right to appropriate the vessel,
have it sold, and be repaid the debt from the proceeds. *Equilease Corp. v. M/V
Sampson*, 793 F.2d 598, 602 (5th Cir. 1986). The maritime lien concept somewhat
personifies a vessel as an entity with potential liabilities independent and apart from the
personality of its owner, *id.* at 602 (citing *Todd Shipyards Corp. v. City of Athens*, 83 F.

9

ROA.23-30078.30

Supp. 67 (Md. 1949), and therefore is only indirectly connected with the vessel owner, *id.* (quoting *Pierside Term. Opers.*, 389 F. Supp 25, 26 (E.D. Va. 1974).

Thus, Alexis Marine's argument that Plaintiffs are focusing on the wrong party or that Alexis Marine is without fault for the claimed damages misses the point. Plaintiffs are not persecuting Alexis Marine, which apparently lacks the financial ability to post security for the UNCLE JOHN much less to satisfy their damages claim. Rather, they are attempting to enforce the maritime lien that they have against the UNCLE JOHN for payment of the damages that the vessel caused when it allided with their property. If the vessel must remain under arrest and unavailable to Alexis Marine—a circumstance that causes financial hardship to both sides—and if the vessel must be sold to cover the damages that it caused, then the sole party responsible for that unfortunate circumstance is Alexis Marine because it did not properly insure its vessel. Alex Marine's request to have the vessel released without posting substitute security is denied.

Alexis Marine requests in the alternative that the Court set a hearing to determine the value of the UNCLE JOHN given the parties' disagreement on that point, the plaintiffs believing that $600,000 would be an appropriate amount of security and Alexis Marine believing that something more in the neighborhood of $250,000 would be appropriate. The Court denies that request at this time because it would appear to be an exercise in futility. Alexis Marine gives no indication that it is willing or able to post security regardless of the value that the Court might assign to the vessel. Alex Marine's briefing makes clear that what it really wants is for the Court to force other parties, whether RLI or A&T Maritime, to provide security so that it can regain its vessel. Alexis

ROA.23-30078.31

Marine provides no legal basis for the Court to compel other parties to meet this obligation on an interlocutory basis.[4]

It is clear that the plaintiffs and Alexis Marine want the UNCLE JOHN released but the plaintiffs understandably cannot agree to the release unless security is posted in a proper and sufficient amount. While the Court agrees that the vessel need not be sold *immediately* it remains that it will be cost prohibitive to keep the UNCLE JOHN under arrest until this case is concluded. The Court will give Alexis Marine thirty (30) days from entry of this Order and Reasons to either post security or reach an agreement with Plaintiffs,[5] after which Plaintiffs may re-move to have the vessel sold at an interlocutory sale.[6] The Court therefore DENIES WITHOUT PREJUDICE the plaintiffs' motion for interlocutory sale. Alexis Marine's motion for immediate release of the vessel or alternatively for a hearing to determine value is DENIED.

Accordingly, and for the foregoing reasons;

---

[4] The Court recognizes that Rule E(4)(f) provides the owner of arrested property a "prompt" hearing at which the plaintiff must show why the attachment should not be vacated. Ignoring that Alexis Marine has allowed the vessel to remain under arrest for over five months now, Alexis Marine does not even hint at anything to suggest that the attachment was improper and should be vacated. In fact, Alexis Marine's arguments for vacatur are based on the legally erroneous arguments that the Court discussed above.

[5] If Alexis Marine is willing and able to post security, and if the point of contention then becomes the amount of security, then Alexis Marine can re-urge its request for a hearing.

[6] The Court does agree with Alexis Marine's observation that the plaintiffs' assertion that the anticipated cost to repair their embankment will be over $400,000, made by their attorney after speaking with an expert, is insufficient to demonstrate the amount of their damages for purposes of setting the amount of security. (Rec. Doc. 52-4, Stassi affidavit ¶ 13).

ROA.23-30078.32

      **IT IS ORDERED** that the **Motion for Summary Judgment for Reimbursement of Defense Costs (Rec. Doc. 46)** filed by A&T Maritime Logistics, LLC is **DENIED**.

      **IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 55)** filed by Alexis Marine, LLC is **DENIED.**

      **IT IS FURTHER ORDERED** that the **Motion for Interlocutory Sale of the M/V UNCLE JOHN (Rec. Doc. 52)** filed by the plaintiffs, Robert M. Champagne III and Elizabeth G. Champagne, is **DENIED.**

      **IT IS FURTHER ORDERED** that the **Motion for Release of the M/V UNCLE JOHN (Rec. Doc. 61)** filed by Alexis Marine, LLC is **DENIED.**

August 19, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

12

ROA.23-30078.33

# Tab 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT M. CHAMPAGNE III, ET AL. | * | CIVIL ACTION NO. 21-476 |
| | * | |
| VERSUS | * | SECTION: "A"(1) |
| | * | |
| M/V UNCLE JOHN, ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | |
| | * | |
| | * | |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 126)** filed by third-party defendant/cross-defendant RLI Insurance Co. Alexis Marine, LLC and A&T Maritime Logistics, LLC oppose the motion. The motion, submitted for consideration on September 14, 2022, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

**I.**

The main demand in this case—no longer at issue—was a maritime allision action for damages brought by Robert M. Champagne III and Elizabeth G. Champagne against the M/V UNCLE JOHN, its owner, Alexis Marine, LLC, and the charterer/operator of the vessel at the time of the allision, A&T Maritime Logistics, LLC. The Champagnes own waterfront property in Houma, Louisiana. On March 10, 2020, the M/V UNCLE JOHN lost control and ran aground causing extensive damage to the erosion protection concrete bank cover located on their property.[1] On March 8, 2021,

---

[1] The property was not owned by the Champagnes when the allision occurred. It was owned by Ms. Milly Dampeer. No one has disputed the Champagnes' right as subsequent purchasers to pursue the property damage claim against the defendants.

1

ROA.23-30078.34

the Champagnes filed suit in this Court against Alexis Marine, LLC *in personam* as owner of the UNCLE JOHN, against A&T Maritime Logistics, LLC as the vessel's operator, and against the UNCLE JOHN *in rem*. The United States Marshal for this district arrested the vessel pursuant to a warrant issued by the Court. (Rec. Doc. 11, Warrant).

The main demand filed by the Champagnes settled on November 18, 2021, which took the Champagnes out of the case and left remaining only the various cross claims and third-party demands. (Rec. Doc. 107, Minute Entry). Following that settlement the warrant of arrest was vacated and the UNCLE JOHN was released to Alexis Marine, LLC.[2] (Rec. Doc. 109, Order).

In the wake of the settlement the focus of the litigation became Alexis Marine's and A&T Maritime's coverage claims against RLI Insurance Co. pursuant to a marine insurance policy (hull and indemnity) that RLI had issued to A&T Maritime. (Rec. Doc. 116, Minute Entry). The policy was in effect at the time of the allision, and both A&T Maritime and Alexis Marine brought claims against RLI seeking the benefits of that policy in conjunction with the Champagnes' lawsuit.

After the partial settlement, all scheduling order deadlines and the trial date were vacated pending the completion of discovery pertaining to insurance coverage, and the

---

[2] The UNCLE JOHN remained under arrest for a significant period of time due to Alexis Marine's failure to post a bond in order to secure the vessel's release. Alexis Marine had not procured insurance of its own to cover the alleged damage, and RLI was disputing (and continues to dispute) coverage under the policy that it issued to A&T Maritime. The vessel's continued arrest caused financial hardship to both Alexis Marine, who was deprived of its vessel, and to the Champagnes, who were required to fund the ongoing expenses of keeping the vessel under arrest. The Court addressed several motions by those parties pertaining to the vessel's continued state of seizure until the main demand settled.

ROA.23-30078.35

filing of motion(s) directed at coverage. (*Id.*). During prior motion practice in August

2021 involving RLI's duty to pay defense costs under its policy, the Court observed:

> If the issue of coverage is ripe based on the status of discovery, then either
> RLI or A&T Maritime or both can move for summary judgment on that issue.
> Importantly, no part of this case will be tried to a jury. The Court will sit as
> the finder of fact on all claims, and therefore will be tasked with resolving
> any factual disputes. In bench trial cases the district judge has greater
> discretion to grant summary judgment. *Jones v. United States*, 936 F.3d
> 318, 323 (5th Cir. 2019). The district judge may "decide that the same
> evidence, presented to him or her as a trier of fact in a plenary trial, could
> not possibly lead to a different result." *Id.* (quoting *Johnson v. Diversicare
> Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010)). Unless witness
> credibility will be a part of determining coverage, and the Court cannot
> imagine why that would the case, coverage most likely can be determined
> via motion.

(Rec. Doc. 93, Order and Reasons at 7 n.1).[3]

The issue of coverage is now ripe based on the status of discovery.[4] Via the

instant motion, RLI moves the Court to grant summary judgment dismissing the third-

party demand filed by Alexis Marine and the UNCLE JOHN, dismissing the cross-claim

---

[3] Coverage for the allision was not argued in that motion because the movants sought to divorce
the duty to defend (that is, to be reimbursed for defense costs on an ongoing basis while the
litigation was pending) from the issue of coverage, which is often appropriate for liability policies.
But the Court rejected this approach and ruled in favor of RLI insofar as its policy is a typical P&I
marine policy that provides indemnity only with no duty to defend. (Rec. Doc. 93, Order and
Reasons at 6-7). The duty to *reimburse* defense costs *may* be part of the indemnification provided
if the policy is determined to cover the loss at issue but the policy imposes no duty to defend. And
absent coverage, reimbursement for defense costs will not be available. (*Id.*).

[4] The status of discovery presents no impediment to the coverage determination. But when Alexis
Marine filed its opposition on September 9, 2022, it argued to the contrary. In order to defeat
summary judgment, Alexis Marine argued that RLI's motion should be denied as premature in
light of a motion to compel that was then pending before the magistrate judge. (Rec. Doc. 129,
Opposition at 2). But just a few days later, the magistrate judge issued her ruling denying that
motion to compel, finding that the information being sought was not only overbroad but irrelevant.
(Rec. Doc. 131, Order and Reasons). The magistrate judge found that Alexis Marine's overbroad
request was a "fishing expedition without any realistic possibility of turning up information relevant
to the matters in dispute." (*Id.* at 2). As of this writing, no motion seeking review of that sound
ruling has been filed. Thus, the Court considers the issue of coverage to be ripe based on the
status of discovery.

ROA.23-30078.36

filed by A&T Maritime, and granting RLI's counterclaim against A&T Maritime declaring
that RLI has no duties or obligations to A&T Maritime under its policy.

## II.

Alexis Marine owns the M/V UNCLE JOHN. A&T Maritime was operating the
vessel on March 10, 2020, the date that the M/V UNCLE JOHN damaged the
Champagnes' property. The RLI policy in effect on that date was issued to A&T
Maritime as the assured. The Hull and Protection & Indemnity Declaration page for the
policy refers throughout to the "Vessel Schedule." (Rec. Doc. 129-9 at 6). The dec page
references neither named vessels nor generic classes of vessels—rather everything
refers to the Vessel Schedule. The specific coverage section at issue in this case is no
different. The pertinent Protection and Indemnity Clause states that the policy covers
damage to any dock, pier, breakwater, structure, etc.—coverage that would likely apply
to the property damage in this case—"in respect of the Vessel called the __See Vessel
Schedule__." (Rec. Doc. 126-9 at 15 & ¶ 6).

The Vessel Schedule does not reference generic classes of vessels. Each vessel
to be insured under the policy is listed individually by name along with the deductible to
be applied for that specific vessel when property damage occurs. (Rec. Doc. 126-9 at
34). The only vessel listed on the Vessel Schedule is the UNCLE BLUE, which was not
the vessel involved in the allision at issue. The UNCLE JOHN, the offending vessel in
this case, is not listed on the Vessel Schedule.

Given that the RLI policy unambiguously relies on the Vessel Schedule
throughout to determine coverage, premiums, limits, and deductibles, any argument that
the policy should be deemed to cover the UNCLE JOHN simply because it is similar to

4

the UNCLE BLUE and was used in a similar manner must be rejected. A&T Maritime may view it as an insignificant technicality that the Vessel Schedule says "BLUE" instead of "JOHN" but the policy is structured to specifically identify insured vessels by name. The RLI policy does not insure the UNCLE JOHN as a scheduled vessel.

The facts giving rise to the UNCLE JOHN's absence on the Vessel Schedule are not in dispute. Alexis Marine owns both the UNCLE BLUE and the UNCLE JOHN. A&T Maritime chartered both vessels via two separate charter agreements. In December 2019 A&T Maritime chartered the UNCLE JOHN from Alexis Marine. (Rec. Doc. 126-10, Exhibit F). But A&T Maritime did not take possession of the vessel at that time. A&T Maritime did not request insurance for the vessel when it executed the charter.

When A&T Maritime needed the UNCLE JOHN on January 13, 2020 for a job, it was unavailable so A&T Maritime separately chartered the UNCLE BLUE from Alexis Marine on that date. (Rec. Doc. 126-5, Exhibit B Manuel Affidavit). A&T Maritime obtained the RLI policy (effective January 14, 2020) and listed on the UNCLE BLUE on the Vessel Schedule as the insured vessel. No one disputes that the UNCLE BLUE was properly insured as a scheduled vessel.

But again, the UNCLE BLUE did not cause the damage that gave rise to this lawsuit. On March 7, 2020, A&T Maritime and Alexis Marine agreed to substitute the UNCLE JOHN for the UNCLE BLUE so that the latter vessel could undergo repairs. (*Id.*). A&T Maritime did not contact RLI (or its agent) to provide notice about the swap or to advise that A&T Maritime intended to operate an unscheduled vessel. It was during the period of time that A&T Maritime operated the UNCLE JOHN, March 7, 2020

ROA.23-30078.38

through March 21, 2020, that the allision occurred (on March 10, 2020). A&T Maritime did not notify RLI of the allision and the potential for a claim.

Later in March 2020 following the allision, A&T Maritime and Alexis Marine agreed again to substitute the UNCLE JOHN for the UNCLE BLUE in order to facilitate vessel repairs. (Rec. Doc. 126-5, Exhibit B Manuel Affidavit ¶ 8).

A&T Maritime cancelled the RLI policy effective April 23, 2020.

The record contains an email from Ms. Dampeer, the property owner at the time, to Mr. Manuel (A&T Maritime's principal) dated August 30, 2020. (Rec. Doc. 126-7). That email transmitted an engineer's inspection report, that Manuel requested. Ms. Dampeer advises that the damage from March 2020 was worsening, and given that Manuel had indicated that he did not want to involve his insurance company, she urged him to respond so that the damage could be mitigated. (*Id.*).

A&T Maritime has never denied fault for the allision. Manuel attempted to negotiate a settlement with Ms. Dampeer on his own and he testified that they had reached an agreement for $3500.00. (Rec. Doc. 126-6 at 16, Manuel deposition). It is the Court's understanding that A&T Maritime never paid Ms. Dampeer what had been promised for the damage. A&T Maritime still had not notified RLI of the allision and the potential for a claim.[5]

RLI learned about the allision after the Champagnes filed their lawsuit against Alexis Marine, A&T Maritime, and the UNCLE JOHN, in other words, nearly a year after

---

[5] It is unclear why A&T Maritime chose to keep RLI in the dark about the claim but ignorance regarding the claims process cannot be the reason. It is the Court's understanding that the allision was A&T Maritime's third accident since the policy's inception. The other two incidents involved the UNCLE BLUE and A&T Maritime had twice successfully submitted those claims.

ROA.23-30078.39

the incident. It is the Court's understanding that the main demand settled for a

significant amount far exceeding the original $3500.00 that Ms. Dampeer was willing to

accept for the damage. A&T Maritime and Alexis Marine are now looking to RLI to pay

for the settlement and to reimburse their defense costs.

Contrary to A&T Maritime's contention (Rec. Doc. 128, Opposition at 2), RLI

*does* contest coverage, an issue for which A&T Maritime and Alexis Marine have the

burden of proof. Alexis Marine claims that it is an additional insured on the policy. Only if

coverage for the UNCLE JOHN is established will consideration of the application of

policy exclusions become necessary, for which RLI will have the burden of proof. And of

course Alexis Marine's status as an additional insured presents a moot issue if there is

no coverage for the UNCLE JOHN.

Given that the UNCLE JOHN was not listed on the Vessel Schedule, A&T

Maritime and Alexis Marine rely on the policy's Automatic Attachment Clause to argue

that the UNCLE JOHN was covered for the damage at issue. The Automatic Attachment

Clause states in relevant part:

> **This Policy is extended to cover automatically any additional Vessels
> acquired by the Assured by purchase or by bareboat charter.** It is also
> extended to cover the interest of the Owners of any such Vessel if required
> by agreement between Assured and Owner.
>
> . . .
>
> **The Assured agrees to report as soon as practicable such additional
> Vessel(s) and/or interests.** This insurance shall not be prejudiced by an
> unintentional delay or omission in making such reports, or any unintentional
> error in the value or description of vessel(s) to be reported, if prompt notice
> be given to the Company as soon as said delay or omission or error
> becomes known to the Assured and the premium shall be adjusted, as
> required.

(Rec. Doc. 126-9 at 23) (emphasis added).

ROA.23-30078.40

RLI posits several reasons that the UNCLE JOHN did not become a covered vessel pursuant to the Automatic Attachment Clause, the most salient being that the clause expressly applies only to *additional* vessels not a vessel like the UNCLE JOHN that was acquired pursuant to a bareboat charter that pre-dated the policy. According to RLI, A&T Maritime got legal and exclusive possession of the UNCLE JOHN when the charter was executed in December 2019 so the UNCLE JOHN cannot be characterized as an *additional* vessel, a term that the policy does not define.

The Court disagrees. The UNCLE JOHN was acquired by a bareboat charter agreement whose effective date for the charter was designated as the delivery date of the vessel. (Rec. Doc. 126-10, Exhibit F ¶ 3). The vessel was not delivered to A&T Maritime until March 7, 2020, which was after the policy's effective date. A&T Maritime had neither legal nor exclusive control of the vessel until that date, nor any control of it for that matter, and it was for this reason that it was forced to charter the UNCLE BLUE. "Additional" vessel does not equate to a vessel whose charter agreement was signed prior to the policy date with no attendant delivery/possession but rather to a vessel whose name does not appear on the Vessel Schedule. Regardless of when the UNCLE JOHN's charter agreement was executed, delivery of the vessel and acceptance of possession, which according to express terms of the charter is when the vessel would actually be on charter, did not occur until *after* the policy was in effect. According to the express terms of the Automatic Attachment Clause, coverage for the UNCLE JOHN attached automatically on March 7, 2020.

But RLI also points out that the acquisition was never reported much less *as soon as practicable*. RLI did not learn about the UNCLE JOHN until the lawsuit was filed

8

ROA.23-30078.41

and that was long after the policy had been cancelled in April 2020. By then, according to RLI, it was too late to add a vessel because you can't add a vessel to a policy that is no longer in existence.

Again, the Court disagrees with RLI. The clause calls for *automatic* coverage not coverage that attaches upon notice. The pertinent question is whether coverage existed when the incident occurred on March 10, 2020, not whether coverage existed when RLI learned about the vessel swap as part of this lawsuit in 2021. The soon as practicable language does not have a specific timeframe to report and the allision occurred just 3 days after the UNCLE JOHN was acquired. The Court finds that the UNCLE JOHN was a covered vessel on the date of the allision.[6]

The Court assumes without deciding that Alexis Marine was an additional insured on March 7, 2020.

But proving coverage is only half the battle for A&T Maritime and Alexis Marine because RLI contends that several policy warranties were violated, in particular the Prompt Notice Warranty, the general notice provision, and the Notice of Loss Warranty, and that RLI was prejudiced as a result.[7] RLI contends that because of these breaches, and in light of the actual prejudice it has sustained because of them, coverage was voided.

---

[6] RLI also raises an argument about the policy's Contractual Liability Extension section. The Court has read this section of the policy several times and does not comprehend RLI's argument as to how this section affects the determination as to whether the UNCLE JOHN was a covered vessel.

[7] The Court notes that the Settlement of Claims section states that "[t]he Assured shall not make any admission of liability, either before or after any occurrence which may result in a claim for which the Assurer may be liable." (Rec. Doc. 126-9 at 19). Although RLI did not raise the issue it would appear that this prohibition was violated.

The Prompt Notice of Claim section is part of the policy's General Conditions and/or Limitations. It states:

> Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give ***prompt notice*** thereof and forward to the Assurer ***as soon as practicable*** after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences.

(Rec. Doc. 126-9 at 19) (emphasis added).

The Notice of Loss section is part of the policy's General Conditions. It states in part:

> Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Company is or may become liable, the Assured will use ***due diligence*** to give ***prompt notice*** thereof and forward to this Company and/or the Agent or Broker that arranged this insurance, ***as soon as practicable*** after receipt thereof, all communications processes, pleading and other legal papers or documents relating to such occurrences.

(Rec. Doc. 126-9 at 25) (emphasis added).

The general notice provision merely reiterates the requirement for *prompt notice* in the event of any accident or occurrence which could give rise to a claim under the policy. (Rec. Doc. 126-9 at 10).

Two things are clear to the Court: All three of the foregoing notice requirements were breached and RLI has established actual prejudice as a result of the breach. Allowing nearly a year to elapse between the allision and RLI receiving notice of the occurrence was not reasonable under the facts and circumstances. A&T Maritime had made other claims under the policy and A&T Maritime knew (and perhaps was the only party that knew) about the allision. Ms. Dampeer's email to Manuel expressly mentions his desire to avoid involving his

ROA.23-30078.43

insurance company. (Rec. Doc. 126-7). The Court finds that A&T Maritime did not provide RLI with prompt notice of the allision as soon as practicable.

As to prejudice, it hardly strains credulity to see that RLI was prejudiced by A&T Maritime's intentional failure to notify RLI about the allision. Putting aside speculation as to what RLI's post-accident investigation of the damage would have presented in terms of defenses to liability, the original property owner was willing to accept $3500 for the property damage. But that settlement was never consummated and apparently the damage to the dock worsened and the damage from the allision became more expensive to repair. The ultimate settlement amount involving the Champagnes is believed to be around $200,000.00. As RLI legitimately points out, had it been notified of the allision when it occurred, it could have adjusted the loss, and potentially settled the entire matter for the $3500 that Ms. Dampeer was willing to accept. The vessel seizure, which was expensive for both the Champagnes (and therefore surely drove up the amount demanded in settlement) and Alexis Marine, could have been avoided. This entire lawsuit and all of the attorney's fees and costs that both A&T Maritime and Alexis Marine now want RLI to pay could have been avoided. It matters not that RLI has been a party to this case since its inception; by the time that the lawsuit was filed the prejudice was already in place. The Court finds that RLI has established actual prejudice as a direct result of A&T Maritime's breach of the policy's notice requirements.

The final step in the Court's analysis is the proper remedy for those breaches. RLI naturally seeks to have the Court declare that all coverage for the allision has been voided due to the breaches. If the policy contained language that either expressly or impliedly required such a draconian result then the Court would not hesitate to enforce

ROA.23-30078.44

that language. But RLI has not pointed out where the policy language requires that harsh result. And the Court is not clear on which *binding* authority RLI relies upon to have the Court void coverage. A strong argument could be made perhaps that even if coverage was not voided altogether it should be limited to $3500 with no reimbursement for attorney's fees or for any of the expenses that were incurred due to the vessel's arrest. At this time the Court is persuaded that summary judgment should be denied without prejudice as to the appropriate remedy for the breaches that occurred and the prejudice sustained. RLI (or the other parties) may file a new narrower motion for summary judgment on the issue (incorporation of prior briefing by reference will not be allowed) but any such motion(s) must be filed by **October 31, 2022**.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 126)** filed by third-party defendant/cross-defendant RLI Insurance Co. is **GRANTED IN PART AND DENIED IN PART** as explained above.

October 11, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

ROA.23-30078.45

# Tab 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT M. CHAMPAGNE III, ET AL. | * | CIVIL ACTION NO. 21-476 |
| | * | |
| VERSUS | * | SECTION: "A"(1) |
| | * | |
| M/V UNCLE JOHN, ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment Regarding Remedy (Rec. Doc. 141)** filed by third-party defendant/cross-defendant RLI Insurance Co. Alexis Marine, LLC and A&T Maritime Logistics, LLC oppose the motion. The motion, submitted for consideration on November 23, 2022, is before the Court on the briefs without oral argument.

RLI filed the instant motion for summary judgment at the Court's suggestion following entry of the Order and Reasons (Rec. Doc. 140) that granted in part and denied in part RLI's motion for summary judgment as to insurance coverage.[1] Via that motion RLI sought summary judgment dismissing the third-party demand filed by Alexis Marine and the UNCLE JOHN, dismissing the cross-claim filed by A&T Maritime, and granting RLI's counterclaim against A&T Maritime declaring that RLI has no duties or obligations to A&T Maritime under its policy. A plethora of issues and arguments were raised by the parties in conjunction with that prior motion for summary judgment. Ultimately, the Court found that the UNCLE JOHN was a covered vessel on the date of

---

[1] The Court's prior Order and Reasons provides a complete and detailed factual and procedural background for this case. The Court assumes the reader's familiarity with that Order and Reasons. *Champagne v. M/V UNCLE JOHN*, No. 21-476, 2022 WL 6742007 (E.D. La. Oct. 11, 2022).

1

ROA.23-30078.46

the allision. (Rec. Doc. 140, Order and Reasons at 9). But the Court also found that

A&T Maritime had breached all of the policy's notice requirements, and that RLI had

demonstrated actual prejudice as a direct result of those breaches. (*Id.* at 10-11). As to

the finding of actual prejudice the Court explained:

> As to prejudice, it hardly strains credulity to see that RLI was prejudiced by
> A&T Maritime's intentional failure to notify RLI about the allision. Putting
> aside speculation as to what RLI's post-accident investigation of the
> damage would have presented in terms of defenses to liability, the original
> property owner was willing to accept $3500 for the property damage. But
> that settlement was never consummated and apparently the damage to the
> dock worsened and the damage from the allision became more expensive
> to repair. The ultimate settlement amount involving the Champagnes is
> believed to be around $200,000.00. As RLI legitimately points out, had it
> been notified of the allision when it occurred, it could have adjusted the loss,
> and potentially settled the entire matter for the $3500 that Ms. Dampeer was
> willing to accept. The vessel seizure, which was expensive for both the
> Champagnes (and therefore surely drove up the amount demanded in
> settlement) and Alexis Marine, could have been avoided. This entire lawsuit
> and all of the attorney's fees and costs that both A&T Maritime and Alexis
> Marine now want RLI to pay could have been avoided. It matters not that
> RLI has been a party to this case since its inception; by the time that the
> lawsuit was filed the prejudice was already in place. The Court finds that
> RLI has established actual prejudice as a direct result of A&T Maritime's
> breach of the policy's notice requirements.

(Rec. Doc. 140, Order and Reasons at 11).

As to the remedy aspect of RLI's motion, the Court denied relief without

prejudice, and invited RLI (or the other parties) to file a follow-up motion for summary

judgment, narrowly directed at the issue of remedy, which according to RLI should be

complete forfeiture of coverage. (*Id.* at 12). The Court explained as follows:

> The final step in the Court's analysis is the proper remedy for those
> breaches. RLI naturally seeks to have the Court declare that all coverage
> for the allision has been voided due to the breaches. If the policy contained
> language that either expressly or impliedly required such a draconian result
> then the Court would not hesitate to enforce that language. But RLI has not
> pointed out where the policy language requires that harsh result. And the
> Court is not clear on which *binding* authority RLI relies upon to have the

ROA.23-30078.47

> Court void coverage. A strong argument could be made perhaps that even
> if coverage was not voided altogether it should be limited to $3500 with no
> reimbursement for attorney's fees or for any of the expenses that were
> incurred due to the vessel's arrest. At this time the Court is persuaded that
> summary judgment should be denied without prejudice as to the appropriate
> remedy for the breaches that occurred and the prejudice sustained. RLI (or
> other parties) may file a new narrower motion for summary judgment on
> the issue (incorporation of prior briefing by reference will not be allowed) but
> any such motion(s) must be filed by **October 31, 2022**.

(Rec. Doc. 140, Order and Reasons at 11-12) (emphasis in original).

The instant motion by RLI followed. RLI argues that precedent in this circuit

demonstrates that the complete denial of coverage, not some lesser remedy, is

appropriate under the circumstances.

Although an insurer cannot deny coverage merely because its insured failed to

give notice of a loss as soon as practicable, *Peavey Co. v. M/V ANPA*, 971 F.2d 1168,

1172 (5th Cir.1992) (citing *Sandefer Oil & Gas v. AIG Oil Rig of Tex., Inc.*, 846 F.2d

319, 321 (5th Cir. 1988)), coverage may be denied if the insurer shows "actual

prejudice" based on the failure to receive notice as stipulated in the policy, *id.* (citing

*Sandefer*, 846 F.2d at 321; *Elev. Boats, Inc. v. Gulf Coast Marine, Inc.*, 766 F.2d 195,

198 (5th Cir. 1985); *Champion v. Panel Era Mfg. Co.*, 410 So. 2d 123, 1236 (La. App.

3d Cir.1982)).[2]

In opposition, A&T Maritime and Alexis Marine have attempted to relitigate the

Court's finding of actual prejudice, or at the very least stave off summary judgment by

---

[2] RLI's position remains that the warranties in its policy constitute conditions precedent
obviating the need to show actual prejudice. (Rec. Doc. 141-3, Memorandum in Support at 5
n.1). The Court remains persuaded that the policy language is not express as to the status of
the notice provisions and therefore actual prejudice must be shown.
    The parties implicitly agree that Louisiana law applies to the interpretation of this
marine insurance policy. *See Elev. Boats*, 766 F.2d at 198-99.

3

ROA.23-30078.48

suggesting that there are disputed issues of fact as to actual prejudice.[3] The issue of actual prejudice was raised and argued in conjunction with RLI's first motion for summary judgment; the arguments in opposition were considered and rejected. The Court remains persuaded that RLI has demonstrated actual prejudice as a result of A&T Maritime's intentional breach of the policy's notice requirements. Under the caselaw, that prejudice is sufficient to relieve RLI of its coverage obligations under its policy.

The decision in *Peavey, supra,* does not militate in favor of a different conclusion. Although the insurer was not notified until nine months later following the allision in that case, the insured immediately notified its attorney, *who the insurer later retained to represent its own interests*. 971 F.2d at 1171. Because that attorney had taken immediate actions to investigate the allision and to protect the insurer's interests, including hiring experts, the insurer was not prejudiced due to late notice. *Id.* at 1174. The facts of *Peavey* are distinguishable from those in this case.

Alexis Marine now provides an affidavit from Ms. Dampeer in which she claims that she never reached an agreement with Mr. Manuel to settle her claim for $3,500.00. (Rec. Doc. 142-1, Dampeer affidavit). This document is dated after the Court issued its Order and Reasons finding that RLI had established actual prejudice. When RLI filed its coverage motion, neither A&T Maritime nor Alexis Marine questioned or challenged Mr. Manuel's assertion that Ms. Dampeer had agreed to accept $3,500 for the damage caused by the UNCLE JOHN, and neither party provided any controverting statements from her. Importantly, while the affidavit indicates that Ms. Dampeer would not take

---

[3] As the Court has already explained, in this nonjury case a factual dispute does not ipso facto preclude summary judgment. (Rec. Doc. 93, Order and Reasons at 7 n.1).

4

ROA.23-30078.49

$3,500 for the damage, it does not indicate what she now says she actually would have taken. In other words, nothing about the affidavit casts doubt on the Court's prior finding that this case, which was litigated by the Champagnes (new owners) and not Ms. Dampeer (original owner), cost far more to litigate and satisfy than what RLI could have resolved the case for in 2020 had it been given notice of the allision in accordance with the policy.

In sum, RLI's motion is granted, dismissing the third-party demand filed against it, dismissing the cross-claims filed against it, and granting RLI's counterclaim against A&T Maritime declaring that RLI has no duties or obligations to A&T Maritime or Alexis Marine under its policy.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment Regarding Remedy (Rec. Doc. 141)** filed by third-party defendant/cross-defendant RLI Insurance Co. is **GRANTED**.

January 4, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5

ROA.23-30078.50

# Tab 5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT M. CHAMPAGNE III and**
**ELIZABETH G. CHAMPAGNE**

**VERSUS**

**M/V/UNCLE JOHN (Official No. 545297)**
**Her engines, machinery, tackle, appurtenances**
**Furniture, apparel, etc** *in rem;*
**A & T MARITIME LOGISTICS, INC.,**
*In personam;* **and**
**ALEXIS MARINE, LLC** *in personam*

**CIVIL ACTION NO: 2:21-cv-00476**
**A - 1**

**DISTRICT JUDGE**
**HON JAY C ZAINEY**

**MAGISTRATE JUDGE**
**HON JANIS van MEERVELD**

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that defendant A & T Maritime Logistics, Inc. appeals to the

United States Court of Appeals for the Fifth Circuit from this Court's judgment dated January 6,

2023, Rec. Doc. 148, dismissing A & T Maritime Logistics, Inc.'s claims against RLI Insurance

Co. with prejudice, as well as all other orders, rulings and decrees leading up to and related to

that judgment that are adverse to A & T Maritime Logistics, Inc.

**DATED**: February 2, 2023

Respectfully submitted:

**Bohman | Morse, LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 Poydras Street, Suite 2050
New Orleans, LA 70130
Telephone: (504) 930-4009
Fax: (888) 217-2744
E-Mail: Harry@BohmanMorse.com
E-Mail: Martin@BohmanMorse.com

*Attorneys for A & T Maritime Logistics, Inc.*