NO. 23-30078

---

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

ROBERT M. CHAMPAGNE, III; ET AL,
                                PLAINTIFFS

v.

A & T MARITIME LOGISTICS INCORPORATED, IN PERSONAM; ALEXIS MARINE, L.L.C., IN PERSONAM,
                                DEFENDANTS - APPELLANTS

v.

RLI INSURANCE COMPANY,
                      THIRD-PARTY DEFENDANT – APPELLEE

---

ON APPEAL FROM A JUDGMENT OF
THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF LOUISIANA,
CIVIL ACTION NO. 2:21-CV-476

---

REPLY BRIEF OF APPELLANT, ALEXIS MARINE, L.L.C.,

SUBMITTED BY:

**STAINES, EPPLING & KENNEY**

*/s/ Michael W. Maldonado*
**CRAIG W. BREWER** (#23665)
**JASON R. KENNEY** (#29933)
**COREY P. PARENTON** (#32918)
**JAMES A. CROUCH** (#35729)
**MICHAEL W. MALDONADO** (#39266)
3500 N. Causeway Blvd. Ste. 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

# **TABLE OF CONTENTS**

Contents                                                                                                           Page(s)

TABLE OF AUTHORITIES ............................................................................... iv

ARGUMENT .........................................................................................................1

    A.    RLI Makes Correct Assumptions But Reaches the Wrong Conclusion .......1

    B.    RLI's Argument that Alexis Marine Breached the Prompt Notice Provision Should be Ignored.................................................................................................3

CONCLUSION .....................................................................................................4

CERTIFICATE OF SERVICE .............................................................................6

CERTIFICATE OF COMPLIANCE ...................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Maroulis v. Entergy Louisiana, LLC*,
   20-298 (La. App. 5 Cir. 2/10/21), 315 So. 3d 372 ................................................2

*Reynolds v. Select Props.*,
   93–1480 (La.4/11/94), 634 So.2d 1180..............................................................2, 3

*Rollins v. Home Depot USA*,
   8 F.4th 393 (5th Cir. 2021) ......................................................................................4

*United States v. Zuniga*,
   860 F.3d 276 (5th Cir. 2017) ...................................................................................4

*Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co.*,
   03-422 (La. App. 5 Cir. 9/16/03), 858 So. 2d 22 ...................................................3

*Yount v. Maisano*,
   627 So.2d 148 (La.1993) .........................................................................................3

## ARGUMENT

### A. RLI Makes Correct Assumptions But Reaches the Wrong Conclusion

RLI Insurance Company's ("**RLI**") assumption that Alexis Marine is an additional insured establishes that Alexis Marine is covered under the Hull and Protection & Indemnity insurance policy – Policy No. HUL0200253 ("**the Policy**"). RLI agrees that the Policy never required Alexis Marine to notify RLI of the allision. (Doc. 45, p. 21). RLI also correctly assumes that Alexis Marine is an additional insured under the Policy. (Doc. 45, p. 22). Based on these assumptions, which the District Court also made (ROA. 1534 and 1536), the only reasonable conclusion is that the Policy provides coverage to Alexis Marine.

Furthermore, RLI has not disputed Alexis Marine's legal arguments contained in its Original Brief that support why Alexis Marine is an additional insured. As such, it is undisputed that Alexis Marine is an additional insured under the Policy. RLI also cites no legal authority or language from the Policy to support its proposition that A&T Maritime Logistics, Inc.'s ("**A&T**") alleged breach of the Prompt Notice provision of the Policy means that Alexis Marine is no longer entitled to insurance coverage. Rather, RLI merely argues that the "Cross Liabilities" clause of the Policy does not apply. Even if that is the case, which is denied, Alexis Marine is still entitled to coverage as an additional insured because of the "Privilege to Name Additional Assureds" clause.

The "Privilege to Name Additional Assureds" clause of the Policy, which is discussed in Alexis Marine's Original Brief, does not contain any limitations with respect to coverage for an additional insured. (Doc. 32, p. 12). Rather, this clause permits the named assured (A&T) "to include hereunder other parties as additional Assureds." (ROA. 1589). The only limitation on this provision is that losses will only be payable as provided in the Policy. (ROA. 1589). In other words, coverage is owed to an additional insured for a loss covered under the Policy. Here, A&T entered into a contract with Alexis Marine by which A&T agreed to name Alexis Marine as an additional insured under A&T's insurance policies. (ROA. 1269, ¶ 7). Based on its plain language, the Policy provides coverage to Alexis Marine as an additional insured.

Insurance policies generally contain express language indicating when coverage is to be voided for an additional insured because coverage will not be provided to a named insured. *Maroulis v. Entergy Louisiana, LLC*, 20-298 (La. App. 5 Cir. 2/10/21), 315 So. 3d 372, 376. However, no such express language is present in the subject Policy. Thus, the clear intent of the Policy is to afford coverage to additional insureds when required by contract with A&T.

The purpose of liability insurance is to afford the insured protection from damage claims. *Reynolds v. Select Props.*, 93–1480 (La.4/11/94), 634 So.2d 1180, 1183. Insurance policies should be interpreted to effect, not deny, coverage. *Yount*

*v. Maisano*, 627 So.2d 148, 151 (La.1993). "Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded." *Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co.*, 03-422 (La. App. 5 Cir. 9/16/03), 858 So. 2d 22, 25 (citing *Reynolds, supra.*). "If the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage." *Id.* Based on the foregoing, the Policy should be interpreted to afford coverage to Alexis Marine. RLI has not shown at the District Court level nor to this Court how the Policy could reasonably be interpreted to deny coverage to an innocent additional insured. There is no support for this in the law or in the Policy. Thus, it would be contrary to Louisiana jurisprudence governing the interpretation of insurance policies to deny coverage based on the lack of jurisprudence developed in this exact situation presented before this Court. As a result, the law mandates that coverage be afforded to Alexis Marine.

### B. <u>RLI's Argument that Alexis Marine Breached the Prompt Notice Provision Should be Ignored</u>

RLI asserts that if Alexis Marine was required by the Policy to provide RLI with prompt notice, then Alexis Marine breached the Policy. Notably, this argument is absent from the lower court briefing. As this Court has previously held, "[a] party

3

forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (citing *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017)). Since RLI never claimed that Alexis Marine breached the Policy at the District Court level, it cannot now raise this argument in opposition to Alexis Marine's appeal.

The fact of the matter is that Alexis Marine never breached the Policy because, as RLI has clearly stated, "the prompt-notice warranties in the P&I section of the policy required the Assured (A&T) – not additional insureds like Alexis – to give RLI required notice and information." (Doc. 45, p. 22). Thus, not only is RLI's argument to the contrary improper on appeal, but it is also incorrect and inconsistent with the language of the Policy.

## **CONCLUSION**

The District Court improperly concluded that RLI does not owe coverage to Alexis Marine for the March 10, 2020 allision. RLI has failed to direct this Court to any legal authority that requires coverage to be denied to an additional insured due to the actions of a named insured. Without any support for RLI's argument to deny coverage, the Policy should be interpreted to afford coverage under Louisiana law. RLI does not dispute Alexis Marine's additional insured status and relies on A&T's breach to deny coverage to Alexis Marine. Without any support for this claim, RLI

cannot be released from its obligation as an insurer to Alexis Marine. Likewise, RLI cannot now rely on arguments it failed to assert at the District Court level. The only reasonable interpretation of the Policy under Louisiana law is to afford coverage to Alexis Marine. Therefore, this Court should reverse the District Court's judgment dismissing Alexis Marine's third-party demand against RLI.

Respectfully Submitted,

**STAINES, EPPLING & KENNEY**

*/s/ Michael W. Maldonado*
**CRAIG W. BREWER** (#23665)
**JASON R. KENNEY** (#29933)
**COREY P. PARENTON** (#32918)
**JAMES A. CROUCH** (#35729)
**MICHAEL W. MALDONADO** (#39266)
3500 N. Causeway Blvd. Ste. 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that the foregoing has been served upon all counsel of record through the ECF system pursuant to Fifth Circuit Rules 25.2, and 25.2.5.

*/s/ Michael W. Maldonado*
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

This 19th day of July, 2023

## **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1, it contains 1,051 words.

2.  This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Times New Roman font.

*/s/ Michael W. Maldonado*
*Counsel for Defendant-Appellant, Alexis Marine, LLC*

This 19th day of July, 2023